JOEL H. DIX *et al.,* to the use of James E. Southworth *et al.,* Plaintiffs in Error, *v.* THE MERCANTILE INSURANCE COMPANY, Defendant in Error, and

The SAME, Plaintiffs in Error, *v.* THE CHICAGO CITY INSURANCE COMPANY, Defendant in Error.

### ERROR TO COOK.

An action on a contract must be in the name of the party in whom the legal interest is vested.

A party suing, who shows he has not any interest in the cause of action, cannot recover.

Where one of the three partners who had effected an insurance, afterwards and before a loss, assigns his interest to the other two, without any notice to, or consent by the insurers ; the two cannot recover on the policy, especially where they so declare in their declaration, and the policy forbids such an assignment.

THESE two cases came before the court, upon the same state of pleadings.

Joel H. Dix, Horatio G. Sinclair and George J. Harris, plaintiffs in this suit, (who sue for the use of James E. Southworth, Albert Slauson, Valorus Southworth and Harvey Farrington, Jr., carrying on business under the name and style of Southworth, Slauson & Co.,) by Cyrus Bentley, their attorney, complain of the Mercantile Insurance Company, a corporation established and existing under the laws of the State of Illinois, defendants in this suit, who have been summoned, etc., of a plea of trespass on the case upon promises: For that whereas, heretofore, to wit, on the twenty-seventh day of September, A. D. 1856, at Chicago, to wit, at the county of Cook, aforesaid, by a certain instrument or policy of insurance then and there made under the hands of Cyrenius Beers, the president, and Thomas Richmond, the secretary of the said corporation, and countersigned by Justin Parsons, the agent of said company, at Chicago, aforesaid, the said Cyrenius Beers, Thomas Rich-

mond and Justin Parsons, acting and being duly authorized for and on behalf of the said corporation, the said Mercantile Insurance Company, in consideration of twenty-seven dollars to them paid, the receipt whereof was thereby acknowledged, did thereby agree to insure the said plaintiffs by their then name or style of Dix, Sinclair & Harris, against loss or damage by fire, to the amount of two thousand dollars, on their stock of groceries, (meaning their stock of groceries,) contained in brick building situated in and known as No. 43 South Water street, city of Chicago, Illinois; and the said corporation thereby promised and agreed to make good unto the said assured, their executors, administrators and assigns, all such immediate loss or damage, not exceeding in amount the sum insured, as should happen by fire to the property above specified, from the twenty-seventh day of September, one thousand eight hundred and fifty-six, (at noon,) unto the twenty-seventh day of September, one thousand eight hundred and fifty-seven, (at noon,) the said loss and damage to be estimated according to the true and actual cash value of the property at the time the same should happen, and to be paid within sixty days after notice and proof thereof, made by the assured and received at their office, in conformity to the conditions annexed to said policy; provided always, and it was thereby declared, that the said corporation should not be liable to make good any loss by theft or any damage by fire which might happen or take place by means of invasion, etc.

And it was moreover declared, that the said policy was made and accepted in reference to the conditions thereto annexed, which were to be used and resorted to in order to explain the rights and obligations of the parties thereto, in all cases not therein otherwise specially provided for, as by the said instrument or policy of insurance, reference being thereunto had, will more fully appear; and the said plaintiffs in fact say that the said conditions annexed to said policy are (amongst others) as follows, to wit:

" 7.   Policies of insurance subscribed by this company shall not be assignable without the consent of the company, expressed by indorsement made thereon.   In case of assignment without such consent, whether of the whole policy or any interest in it, the liability of the company in virtue of such policy shall thenceforth cease; and in case of any transfer or change of title in the property insured by this company, or of any undivided interest therein, such insurance shall be void and cease."

Of which said instrument or policy of assurance, and the conditions thereto annexed, the said defendant afterwards, to wit, on the day and year first aforesaid, at the county aforesaid, had notice.

And thereupon afterwards, to wit, on the day and year last aforesaid, at the county aforesaid, in consideration that the said plaintiffs, at the special instance and request of the said defendants, had then and there paid to the said defendants the said sum of twenty-seven dollars as a premium for the insurance of two thousand dollars upon the stock of groceries mentioned in the said instrument or policy of insurance, and had then and there undertaken and faithfully promised the said defendants to perform and fulfil all things in the said policy and the conditions thereunto annexed contained, on the part and behalf of the said assured to be performed and fulfilled, they the said defendants undertook and then and there faithfully promised the said plaintiffs that they (the said defendants) would assure the said plaintiffs against loss or damage by fire to the amount of two thousand dollars upon the said stock of groceries, and would perform and fulfill all things in the said instrument or policy contained on their part and behalf to be performed and fulfilled.

And the said plaintiffs in fact further say, that they the said plaintiffs, at the time of making the said policy of insurance, and from thence until the 12th day of February, A. D. 1857, were interested jointly as copartners in the said insured stock of groceries, to the amount or value of all the moneys by them ever insured or caused to be insured thereon; that on the said last mentioned day, the interest of the said Sinclair therein was sold and transferred to the said Dix & Harris, and that from the said last mentioned day until the loss and damage hereinafter mentioned, the said plaintiffs, Dix & Harris, were jointly interested therein to the amount or value aforesaid, to wit, at the county aforesaid, and that the said stock of groceries in the said policy mentioned, afterwards, to wit, on the second day of March, A. D. 1857, to wit, at the county aforesaid, was burnt, consumed and destroyed by fire, and that no part thereof was lost by theft, etc.

And the said plaintiffs further say, that although they the said plaintiffs have in all things conformed themselves to and observed all and singular the said articles and stipulations, conditions, matters and things, which on their part were to be observed and performed, according to the form and effect of the said policy, and of the said conditions thereunto annexed, and although the stock and fund of the said company, always from the time of making the said policy, hitherto have been and yet are sufficient to pay to the said plaintiffs the said damage and loss sustained by the said fire; and although sixty days after notice and proof thereof made by said plaintiffs and received by said defendants, at their office, in conformity to the condi-

tions annexed to said policy, had long elapsed before the commencement of this suit, of all which said several premises the said defendants afterwards, to wit, on the day and year last aforesaid, at the county aforesaid, had notice and were then and there requested by the said plaintiffs to pay them the said sum of two thousand dollars so by them insured as aforesaid; yet the said defendants, not regarding their said promises and undertakings so by them made as aforesaid, did not, nor would when they were so requested as aforesaid, or at any time before or since, pay the said sum of two thousand dollars, or any part thereof, but have hitherto wholly neglected and refused so to do and still neglect and refuse so to do, to wit, at the county aforesaid.

The second count is like the first, except as to the amount of the policy, which is $3,000 instead of $2,000—this suit being brought upon two policies, one for $2,000 and one for $3,000, making a total of $5,000.

The common counts were added, to which a *nolle prosequi* was subsequently filed.

To this declaration defendants filed a demurrer, assigning as special causes,

1st.   That it appears by said count, that, at the time of the fire, the plaintiffs did not own the goods covered by said policy;

2nd.   That during the continuance of said policy, and before the fire, the said plaintiff, Sinclair, in violation of said policy and without the written consent of the said defendants, sold his interest in the goods insured to the said Joel H. Dix and said George J. Harris, and that the same was so owned at the time of the fire;

3rd.   That said count of said declaration is otherwise insufficient, uncertain and informal, etc.

There was a like demurrer to the second count of the declaration.

The court, MANIERRE, Judge, presiding, sustained the demurrer to this declaration.

To correct this judgment, the plaintiffs sued out this writ of error.

C. BENTLEY, for Plaintiffs in Error.

SHUMWAY, WAITE AND TOWNE, for Defendants in Error.

BREESE, J.   We do not well see, how this action can be maintained and at the same time preserve an important principle which lies at the very foundation of suits at law.   That principle is, that an action on a contract must be brought in the name

of. the party in whom the legal interest in the contract is vested. 1 Ch. Pl. 3. A party suing, who, by his own showing, by the averments in his declaration, has no interest whatever in the cause of action, never can be permitted to recover in an action at law.

We think a case cannot be found decided in a court of law, where a person having no legal interest in the subject matter of the action, has been allowed to maintain an action at law alone or with others. It is impossible that he can, since, by his own showing he has nothing for which to sue. All the interest of one of the parties had passed out of him. 16 Peters, 501.

But it is insisted, that by another rule of law equally fundamental, a suit on a contract must be brought in the names of the parties contracting, and therefore this action is properly brought, the contract of insurance having been made with the plaintiffs.

This is all very well, very true, and would be decisive, did not the declaration disclose the fact of want of interest. Had the declaration been silent on the fact of assignment, and it might well have been—it would be good without such an allegation, there can be no question of a proper case being stated, against which the defendant by plea should defend. But the declaration itself showing the nakedness of the case—being in fact a *felo de se*, the defendant could do nothing but demur, for by so doing—by admitting the facts as the plaintiffs have stated them, the case for the defendants could not be better made out. Why disclose in the declaration, the fact of the assignment by one of the plaintiffs to the others? What was expected by the pleader to be gained by it? Would it not have been better, to let that matter of assignment, and the question growing out of it, come from defendant by plea? Could not the rights of the two partners be fully protected, in the usual mode of declaring in the name of those with whom the contract was made but for the use of the parties really entitled? or why say anything about it in the declaration? As it is stated, the case made by the declaration destroys itself. It is *felo de se.*

The declaration showing that one of the plaintiffs had parted with his interest in the property insured, before the loss accrued, puts an end to the case, on another principle well established and universally recognized, and that is, upon a policy against loss by fire, no recovery can be had unless the insured has an interest in the property insured at the time of the loss.

Now without insisting upon the first objection, this must be fatal and must dispose of the case. Who were the parties insured? The policy shows they were Sinclair, Dix and Harris. Who had the interest at the time of the loss? Dix and Harris. Sinclair then, had no ground of recovery when suit was brought

—having no interest in the property he could not be damaged by its loss.

But independent of all this, this condition was annexed to the policy : " And in case of any transfer or change of title in the property insured by this company, or of any undivided interest therein, such insurance shall be void and cease." Here was a transfer by one of the insured to the others, of his undivided interest in the property insured. There is a change of title to an undivided interest in the property. At the date of the policy it belonged to Sinclair, at the time of the loss it was the property of Dix and Harris, so that there was a complete transfer and change of title to this undivided interest.

It is however, replied to this, that the reason on which this condition is based, is to prevent parties insured from transferring the property to strangers and thus introducing into its care and management, parties not known to the insurers. Much argument, in support of this position, has been advanced, and cases cited, supposed to sustain it, which are by no means satisfactory.

A contract, as well of insurance, as in regard to any other matter, must be interpreted according to the intention of the parties making it, and that to be gathered from the language and terms employed, and the objects contemplated by it.

The intention of the company was manifestly, as urged, that no strangers should come into the management and care of this property without their consent. Knowing the parties with whom they were contracting, relying upon the fidelity and circumspection of each and every one of them, they were willing to take the risk at the premium stipulated. It was an object of the first importance with them, to secure for the property, the guardianship and care of faithful and trust-worthy men, and for this they were willing, for the premium, to entrust the property to the care of Sinclair, Dix and Harris, but not to the care and watchfulness of Dix and Harris alone. Is it not plain that the assurers may be as greatly prejudiced by removing one, to whom with others, they had entrusted the guardianship of valuable property, as by the introduction of a stranger ? The one removing from the concern may have been the very one, on whose vigilance, fidelity and care the greatest share of confidence was reposed, and by so removing, the hazard is increased to the assurer without any corresponding increase of premium. This is neither just nor equitable. The plaintiffs therefore, have no right to say, that it was against " the coming in of strangers," this condition was aimed. The assurers have bargained and paid, for the care and watchfulness of each and every person whose property they have insured, and they have an undoubted

right to hold them to a strict observance of the contract, and we have no right to say, when it is agreed between them and the assured, that a transfer or change of title to the property or to an undivided part of it shall make the policy void, that they were stipulating against a transfer to strangers only. The terms used are too broad for that, and the object of the condition would be defeated by so restricting them, as we have endeavored to show.

There is a vast difference between the sale by one partner of his entire interest in a partnership concern, and a change simply in the relative shares in the concern, for in the latter case, the watchfulness and care of the partner which was bargained for, still continues, whilst in the former it is forever gone.

We have no doubt upon any of the positions we have here assumed, and consider any reference to adjudged cases on the point, or comments on them, wholly unnecessary. *Howard* v. *The Albany Insurance Co.*, 3 Denio, 301, and *Murdock* v. *The Chenango County Mutual Insurance Co.*, 2 Comstock, are to the point.

1. The plaintiffs have by their own showing defeated their case.

2. One of the plaintiffs by the showing of the declaration, had no insurable interest at the time of the loss.

3. The transfer and change of title by one partner to the others, avoided the policy.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*