## The Western Massachusetts Insurance Company v. George S. Riker and another.

A policy of insurance one of the conditions of which is that "in case of any sale, transfer or change of title in the property insured, such insurance shall be void and cease," is avoided by a conveyance which is absolute in form, though given as security for a debt merely.

And where the insurance is upon a single building, and the conveyance is of an undivided interest only, the conveyance avoids the whole policy, notwithstanding the interest of the insured remaining unconveyed is shown to exceed in value the sum insured.

*Heard April 30th. Decided June 3d.*

Error to Genesee Circuit. The case, so far as passed upon, will be found stated in the opinion.

*D. B. Duffiield* and *G. V. N. Lothrop*, for plaintiff in error, to the point that the deed given by the insured

avoided the insurance cited, 13 *Gray*, 433; 1 *Allen*, 311; 29 *Me.* 292; 16 *Barb.* 257; 1 *Seld.* 405; 17 *N. Y.* 402; 30 *Pa. St.* 311; 26 *Conn.* 165; 31 *Pa. St.* 438; 18 *Mo.* 128; 22 *Ill.* 272; 23 *Barb.* 623.

*W. Newton* and *M. Wisner*, for defendant in error, argued that the object of the condition attached to the policy, prohibiting a sale, transfer or change of title of the property insured, was to prevent the insured from parting with their title during the continuance of the policy, upon the principle, doubtless, that so long as the insured retained their interest in the premises, there would be a strong motive to protect them, and guard against fire. An entire alienation of the whole title would make the policy void under this clause.

But in Michigan (as in most of the other States) a mortgage is neither a " sale, transfer, or change of title" of the property mortgaged. The mortgagee has a chattel interest merely, — 3 *Mich.* 581,—and the giving of a mortgage is not prohibited by this condition : — 23 *Pick.* 218 ; 11 *Barb.* 624 ; 3 *Denio,* 254 ; 1 *Comst.* 290 ; 10 *Pick.* 40.

If wrong in these positions, still as the conveyance by the insured was of an undivided third only, the interest the insured retained was far beyond the amount of the insurance ; and this interest is to be protected unless a conveyance of a *part* of the premises is prohibited by the condition : — 16 *Wend.* 385. The policy is only avoided to the extent of the interest sold.

MANNING J.:

One of the conditions attached to the policy of insurance, and forming a part of it, is in these words : " And in case of any sale, transfer or change of title in the property insured by this company, such insurance shall be void and cease." The property insured was a three story frame flouring and grist mill, belonging to the insured. After the

insurance and before the fire, the insured conveyed an undivided one-third interest in the premises on which the mill stood, to Latourette. The conveyance was in the usual form, but was intended by the parties to it as security to Latourette for a debt the insured were owing him, and to secure further advances to be made to them by Latourette, who, after the fire, on being paid what was due him, reconveyed the premises to the insured.

The Insurance Company insist that the conveyance to Latourette annulled the insurance, under the condition of the policy above stated. The company also insist that the Court erred in admitting parol evidence to show the conveyance to Latourette was intended as security only for what the insured were owing him, and for further advances. While, on the other hand, the insured insist they had a right to introduce on the trial parol evidence for that purpose; and that if the Court erred in admitting it, they are still entitled to recover the whole amount insured, which is $2,000, as the mill, which was wholly destroyed by fire, was shown on the trial to have been worth $6,000 at the time of the fire; or if they are not entitled to the $2,000, that they are entitled to two-thirds of the insurance, as they had only conveyed to Latourette one-third of the mill.

The words *transfer or exchange of title* are more comprehensive than the word *sale*, which immediately precedes them. A sale is a parting with one's interest in a thing for a valuable consideration. This is what is generally understood by the word, and in every sale there is a transfer or change of title from the vendor to the vendee. But there may be a transfer or change of title without a sale. Should A. convey a piece of property to B. to hold in secret trust for him, there would be a transfer or change of title from A. to B., but there would not be a sale of the property, or an actual parting with it to B. for a valuable consideration, although the conveyance on its face

10 MICH.—S.

would import a sale of it by A. to B. And if the trust instead of being secret appeared on the face of the conveyance, there would still be a change of the title. The title would no longer be in A., but in B. his grantee. We think such a conveyance would clearly come within the condition of the policy, and put an end to the insurance. And if such a conveyance would annul the policy, we see no reason why the conveyance to Latourette should not have that effect. The title to one-third of the mill was in him, and not in the insured, when the fire occurred. There can be no doubt that the deed, being absolute on its face, and not in form a mortgage, placed the title in Latourette. He could have sold the property and conveyed a good title to his vendee, if the latter was ignorant of the circumstances under which he had acquired the title. It is immaterial, therefore, for the purposes of the present suit, whether the insured could\ or could not at law show by parol evidence that the conveyance was intended as security merely, as such evidence would not show the title had not been in Latourette, but that he had done no more than his duty in reconveying the property on being paid what was due him.

But it is insisted the conveyance does not affect the insurance on the other two-thirds of the mill. If the insurance was of two separate buildings or piece of property, and one only had been conveyed, we are inclined to think it would not affect the policy as to the other: — *Clark v. New England Mutual Insurance Co.*, 6 *Cush.* 342. The mill was an entirety, and insured as such. The title was changed; not the whole title, but a part of it. The whole title was in the insured at the date of the policy; when the fire took place two-thirds of the title only was in them, and one - third in Latourette. This is a change of title to the entirety of the thing insured. See *Dreher v. Ætna Insurance Co.*, 18 *Mo.* 128; *Dix v. Mercantile Insurance Co.*, 22 *Ill.* 272.

For these reasons we are of opinion the Court below erred, and that the judgment should be reversed, with costs.

MARTIN CH. J. and CAMPBELL J. concurred.

·CHRISTIANCY J. was absent when the case was decided.