---

The Hartford Fire Insurance Company *v.* Ross and Others.

INSURANCE—CONDITION.—Where, by one of the conditions of a policy of insurance, it is provided "that, in case of any sale, transfer, or change of title of any property insured by this company, or of any undivided interest therein, such insurance shall be void and cease," a sale and transfer by one partner to one of his co-partners of his interest in the partnership property, without the consent of the company, and before the loss occurs, avoids the policy of insurance; nor is it material that such sale and transfer were made without the assent of another partner.

APPEAL from the *Decatur* Circuit Court.

RAY, CH. J.—Complaint upon a policy of insurance, executed by the appellant to the appellees, bearing date *February* 10, 1862, by which it was agreed to make good to *Ross, Shirk,* and *Logan,* who were partners in trade, as is averred by the complaint, all loss or damage not exceeding $2,250, which should happen by fire to their pork and slaughter-house during the term of nine months from the date of said policy. The complaint, after setting forth the policy, contained the usual averments, showing the payment of premium and compliance with the conditions of the policy on the part of the insured, and that the pork and slaughter-house, with all its fixtures and appurtenances, was destroyed by fire on the 5th day of *November* thereafter.

The appellant filed answer, to the second paragraph of which answer the appellees filed a demurrer. This demurrer was sustained by the court, and by exception and appeal this ruling is presented for review.

This paragraph of the answer averred that *Logan,* one of the assured, had sold and transferred his interest in the property insured, after the policy issued and before the loss occurred, to *Shirk,* one of his partners, without the consent of the insurance company.

By the fourth condition of the policy, it is provided "that in case of any sale, transfer, or change of title of any property insured by this company, or any undivided interest therein, such insurance shall be void and cease."

In construing the provisions of an insurance policy, it is urged "that the courts have adopted very rigid rules of construction against insurance companies," and "that such provisions, covertly included as means of escape in case of accident, are strictly construed."

We regret that counsel have been able to cite authorities for such a position. By what legal logic the conclusion has ever been reached, that the printed conditions of a policy of insurance are "covertly included" in the policy,

we have never understood. The rules for construing written instruments are well established, and their application can not depend in this court upon the parties to the contract.

The object of the condition in the policy of insurance is evident. Each party to the contract is interested in knowing with whom the engagement is made. The insured looks to the reputation for responsibility, promptness, and fairness of the corporation. The insurers look, with an interest as earnest, to the integrity and business capacity of the insured—to the motive prompting the insurance. To them the contract is peculiarly a personal one; and the condition of the contract is, that the persons with whom they enter into it shall remain the same. When the instrument was executed, they depended upon a certain amount of caution, skill, and forethought in the care of the property, and they perhaps relied upon the moral honesty of some one or all of the insured to resist, in the future, any temptation to permit the destruction of the property, should it prove an unprofitable investment. Any change of interest may prove destructive of the prime motive for the contract. The introduction of a new partner may also introduce a dangerous element; the retirement of one member of the firm, or of one owner in the property, may withdraw also the personal integrity or the skillful care that induced the insurance.

It is insisted, however, by the appellees, that the answer should also aver the sale and transfer of the interest to have been made with the knowledge and consent of *Ross*, the other partner, unless the loss resulted from such transfer. The insured undertook that the conditions of the policy of insurance should not be violated.

They contracted with the corporation that no one of their number should sell or transfer his interest in the property; they contracted also for certain reasonable care in preserving the property. If one of the parties by neglect of such care caused the destruction of the building, are the insurers required to have the consent of the

others to such neglect? And if a clear violation of a condition upon which the validity of the policy depends be shown, it is not to be insisted that loss must result from such violation to enable the company to defend They may stand upon the express terms of their bond.

The view adopted in this case accords with the weight of authority. The decision of the Supreme Court of *Illinois*, in the case of *Dix* v. *The Mercantile Insurance Company*, 22 Ill. Rep. 272, was to the same effect. *Dix, Sinclair & Harris* insured their stock, and afterward, and before loss, *Sinclair* sold and transferred his interest to *Dix & Harris*, and the loss occurred while they continued owners. The condition declared the policy void " in case of any transfer or change of title in the property insured by the company, or of any individual interest therein." The court say: " Here was a transfer by one of the insured to the others of his *undivided interest* in the property insured. There is a change of title to an undivided interest in the property. At the date of the policy it belonged to *Sinclair;* at the time of the loss it was the property of *Dix & Harris;* so that there was a complete transfer, and change of title to this undivided interest." See also 1 Selden Rep. 405; *Tillou* v. *The Kingston Mutual Insurance Co.; Hoxsie* v. *The Providence Mutual Fire Insurance Co.,* 6 R. I. Rep. 507; *Baltimore Fire Insurance Co.* v. *McGowan,* 10 Md. Rep. 47.

In the case of *Finley* v. *The Lycoming County Mutual Insurance Company,* 30 Penn. S. Rep. 311, an insurance was effected by *Finley & Stanley,* partners. The charter of the company provided that, " when property insured by this corporation shall be alienated by sale or otherwise, the policy shall thenceforth be void." The same condition was inserted in the policy. *Finley,* after the insurance, sold all his interest in the property insured to *Stanley,* without notice to the company.

The court say: "It is said by the defendants in error that this was not a case to which these conditions attached; that the property insured was partnership property; that it

remained in original hands; and that the transfer by *Finley* was but a release of his interest to *Stanley*. This is neither a sound, legal, or practical view of the question. The stipulation regards alienation by 'sale or otherwise.' If what took place between *Finley* and *Stanley* passed the interest in the property of the former to the latter, then it was within the terms of the condition, it was alienation by sale; but if not, it was alienation 'otherwise.' It was against alienation the prohibition was leveled, and the mere use of terms will not defeat the intent. That a sale by one partner to another is within the prohibition, can not be doubted; there is no exception in its favor in the instrument, and the terms used give no room to imply any. By the transaction the one parted with all his interest, and the other acquired double what he previously possessed. This is a legitimate consequence of sale and purchase, and no substitution of terms will make it any thing else. This was fully affirmed in the case cited from 1 Selden—*Tillou* v. *The Kingston Mutual Insurance Company*. And the question arose there upon a precisely similar condition, and after a transfer by one partner to another. We have no authority in our reports on the point, but consider the case cited as authority; being directly on the issue, and fully determining this part of the case against the plaintiffs."

It has been held by the same court, in a more recent case, that "a transfer by one tenant in common to a co-tenant, or from one partner to another, is within the prohibition of a policy of insurance, which declares that alienation by sale or otherwise shall forfeit the policy." *Buckley* v. *Garrett*, 11 Wright.

Upon principle and authority the answer must be held, its truth being admitted, as a bar to the action.

The case is reversed, with costs, and the court below is directed to overrule the demurrer to the second paragraph of the appellant's answer.

*Barbour & Howland*, for appellant.

*S. A. Bonner* and *B. W. Wilson*, for appellee.