## Case No. 12,436.

### SCANLON v. UNION FIRE INS. CO.

[4 Biss. 511.] [1]

Circuit Court, N. D. Illinois.    March, 1869.

#### INSURANCE—CONDITION IN POLICY.

A condition in an insurance policy, avoiding it if the property should be sold or conveyed without the consent of the company, is not broken by the sale of an interest in the property. The policy still covers the interest remaining in the insured.

[Cited in Blackwell v. Insurance Co., 48 Ohio St. 539, 29 N. E. 278; Powers v. Guardian Ins. Co., 136 Mass. 109.]

Action upon an insurance policy for $2,500, dated September 17, 1867. At the time of the issuing of the policy, the plaintiff [John Scanlon] was admitted to be the owner of the property insured, but on the 11th of January, 1868, and previous to the fire, he formed a co-partnership with two other parties, and the property insured was put in as partnership assets. The company claimed that this vitiated the whole policy under the clause providing that, "if the said property shall be sold or conveyed, or if this policy shall be assigned without the consent of the company obtained in writing hereon, then, and in every such case, this policy shall be null and void."

DRUMMOND, District Judge (charging jury). The question is whether there was, within the meaning of this clause in the policy, a sale or conveyance of the property, in such a way as to render it void. It is to be observed that the language of this condition is general, "That if the said property shall be sold or conveyed," &c. It is not, that if the property, or any part of it, or any undivided interest in it, shall be sold or conveyed, the policy shall be void; it is not that if there is any change in the condition of the property, or in the interest of the plaintiff, the policy shall be void; but simply "if the property shall be sold or conveyed." The question is, whether the true construc-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

tion of this clause is not that, in order to vitiate the policy it is essential that the whole of the interest of the insured in the property shall be sold or conveyed; and such, I think, is the true construction of the condition. In order to avoid the policy, he must sell the whole of his interest in the property, and so long as he holds an interest in the property the policy is binding. It was competent for the insurers to declare that if a part of it were sold, that should avoid the policy. It was also competent for them to declare that if there was any change in the condition or title of the property, that the policy would be void; but that is not this condition. Therefore, I think the policy covers whatever interest Scanlon owned in the property insured after he entered into the articles of co-partnership, and at the time of the loss. It is for you to determine what that interest was.

The jury found for the plaintiff, and assessed his damages at $1,042.50.

NOTE. For further authorities in accordance with the text, see Manley v. Ins. Co. of North America, 1 Lans. 20. Contra, McEwan v. Western Ins. Co., 1 Mich. N. P. 118. Where a policy provides that for "any sale, transfer or change of title in the property," it shall be void, the death of the assured and vesting of the title in his heirs renders the policy void. Lappin v. Charter Oak F. & M. Ins. Co., 58 Barb. 325. Where one sold property for $75,000, retaining a lien for $50,000, it was such a "transfer or change of interest" as to avoid the policy. Bates v. Commercial, etc., Ins. Co., 2 Cin. R. 195. And if a mortgage for the purchase money is taken back the policy is avoided. Savage v. Howard Ins. Co., 52 N. Y. 502, where cases on this point are collated. Contra, that a sale and mortgage back does not "change the title" to avoid the policy. Kitts v. Massasoit Ins. Co., 56 Barb. 177. See, also, Burger v. Farmers' Mut. Ins. Co., 71 Pa. St. 422. Consult, also, 1 Phill. Ins. § 880.