## NEW YORK CENTRAL INSURANCE COMPANY *vs.* WATSON.

A clause in a policy of insurance provided that the same should be void in case any other insurance should be made upon the property without the written consent of the company, *Held*, That subsequent insurance without such written consent rendered the first policy void.

Error to Wayne Circuit.

*Opinion by* CAMPBELL, C. J.—Two policies of insurance were issued by plaintiffs in error to Martin & Longhead, by whom, after

a loss, they were assigned to defendnt in error, who sued and recovered judgment upon them in the court below.

They contained, among other things, a clause rendering them void in case any other insurance had been made or should be made upon the property and not consented to in writing by the company. After they had been executed and become operative, another insurance was effected with the Republic Insurance Company, and never consented to in writing On the trial the Circuit Judge, under exception, left it to the jury to determine whether or not there had been any waiver of this condition or of the forfeiture under it.

*Held*, That there was nothing in the case to authorize this matter to be submitted to a jury. As already held in *Western Insurance Company vs. Riker*, 10 *Mich.*, 279, and *Secur ty Insurance Company, vs. Fay*, in our reports, the policies became absolutely void at once upon the obtaining of the last insurance without consent. Nothing could waive the defect except a new contract upon a valid consideration, or such conduct as by misleading the insured to their prejudice, would operate as an estoppel. The case shows no features of this kind.

The objection that the subsequent insurance was not proved has nothing to rest upon. The fact that more property was included in the Republic policy is immaterial. The deliberate statement of this policy in the proofs of loss dispensed with any other proof of it, and the rule that the proofs are no evidence in favor of the insured does not preclude them from operating as admissions.

Judgment reversed with costs, and a new trial granted.