COWAN v. THE IOWA STATE. INSURANCE COMPANY.

1. **Insurance**: TRANSFER OF PROPERTY. Where a policy of insurance stipulated that it should become void upon an alienation of the property insured without the consent of the company; it was *held* that nothing less than a sale of the entire interest of the party insured would defeat the policy.

2. ———: ———: PARTNERSHIP. A partner has an insurable interest in the property of the firm, and a sale of insured property to a firm of which the vendor is a member, does not vitiate his policy of insurance as to the extent of his interest in the property.

*Appeal from Van Buren Circuit Court.*

MONDAY, JUNE 14.

ACTION upon a policy of insurance against fire, issued to plaintiff, covering a stock of dry goods and merchandise. The

petition avers the loss of the property and other facts entitling plaintiff to recover.

Defendant, in the second count of its answer, sets out that it is a mutual insurance company, organized under the laws of the State of Iowa, and the following is one of the provisions of its articles of incorporation, printed on the back of the policy, and referred to therein:

" When any property insured in this company shall be alienated by sale or otherwise, the policy thereon shall be void; but in such cases the insured may assign and deliver to the purchaser or purchasers such policy of insurance, and such assignee or assignees shall have all the benefit of such policy, and may bring and maintain a suit thereon in his or her or their own names: *Provided,* That before any loss happens he, she or they, shall obtain the consent, in writing, of the said company to such assignment, and have the same indorsed or annexed to the same policy."

It is also shown that the, following condition was printed upon the back of the policy, and expressly made a part thereof.

" Policies of insurance subscribed by this company shall not be assigned without the consent of the company, expressed by indorsement made thereon. In case of assignment without such consent, whether of the whole policy or of any interest in it, the liability of the company, in virtue of such policy, shall thenceforth cease, and in case of any transfer or change of title in the property insured by this company, such insurance shall be void and cease, unless assigned with the consent of the company."

It is then alleged that plaintiff violated these conditions by the sale, alienation and transfer of all the insured property to "the firm of Cowan & Haskins, a co-partnership composed of plaintiff, Samuel Cowan, and Omar Haskins," and that the goods insured were, at the time of the loss, the property of that firm.

A demurrer to this count of the petition, on the ground that it does not show an alienation or transfer of all the property, but shows that plaintiff still retained an insurable

interest therein, which was covered by the policy, was sustained.

From the judgment of the court upon the demurrer, the defendant appeals.

*Craig & Collier*, for appellant.

*Work & Lea, D. C. Beaman* and *J. C. Knapp*, for appellee.

BECK, J.—Nothing less than a transfer of the property insured, whereby plaintiff would part with all his interest 1. INSURANCE: therein, would operate to defeat the policy under
transfer of
property. the condition against alienation, pleaded by defendant. As long as plaintiff retained an insurable interest in the property, the policy attached thereto and protected plaintiff to the extent of his interest. May on Insurance, p. 463, § 381, p. 303, § 278; *Hitchcock v. N. W. Ins. Co.*, 26 N. Y., 68; *West Branch Ins. Co. v. Helfenstein*, 40 Pa. St., 289; *Sherman v. Niagara Fire Ins. Co.*, 2 Sweeney, 470; *Fernandez v. Great Western Ins. Co.*, 3 Robertson, 457; *Hoffman v. Place*, 32 N. Y., 405.

The rule is based upon sound reason and the true construction of the clause in question, which neither in its language nor spirit is intended to deprive the insured of the right to dispose of a part of the property by sale or otherwise. This would operate as a restraint upon trade and the free sale and transfer of property to which business men, who most enter into these contracts of insurance, would never submit. It is not demanded for the protection of the underwriters, and we have never heard of a construction giving such an effect to a condition against alienation. The condition of the policy before us declares that the instrument shall be void upon the alienation of the property insured, not upon the alienation of a part of it.

In our judgment, the same reasons will support the view that the transfer of an interest in the property to a partner, which is shown by the answer, will also fail under the condition in question, to defeat plaintiff's right to recover. As

long as the insured, owns the property, or a part of it, or an interest in it that is insurable, the policy during its life covers such part or interest. As the condition cannot be construed into a contract against a sale of a part of the property, neither can it be regarded as an undertaking on the part of the assured not to dispose of an interest in it. These views are based upon the consideration that no increase of risk is wrought by the sale or transfer of a part of, or an interest in, the property insured.

It is well settled that a partner has an insurable interest in the property of the firm.

The transfer pleaded was by the plaintiff to a firm of which he was one of the partners. So far as plaintiff is concerned, 2. ____: ____: whatever interest he retained in the goods never partnership. passed out of him. As the transfer is stated in the answer, plaintiff passed the title of the property from himself to another and himself. It is true that, to a certain extent, a co-partnership is considered a person separate from the partners who may have transactions, and make contracts with it as such. But it is not true that a partner, by the sale of the property to the firm, actually parts with the interest which, as a partner, he actually holds in the firm property. The answer, therefore, fails to show such an alienation as will defeat the policy and bar all right of recovery by plaintiff.

Cases are cited by defendant's counsel, holding that the sale by one partner to another of his interest in partnership property, upon withdrawing from the firm, or upon its dissolution, avoids the policy issued to the firm, under the condition against alienation. *Finley v. Lycoming Co. Mut. Ins. Co.*, 30 Pa. St., 312; *Keeler v. Niagara Fire Ins. Co.*, 16 Wis., 23; *Doher & Bumb v. Ætna Ins. Co.*, 16 Mo., 13½; *Hartford Fire Ins. Co. v. Ross et al.*, 23 Ind., 180; *Dix et al. v. Mercantile Ins. Co.*, 22 Ill., 272; *Western Mass. Ins. Co. v. Becker*, 10 Mich., 279; *Fallon v. Mut. Ins. Co.*, 1 Selv., 405.

In some of these cases doctrines are found inconsistent with the conclusion we have reached, but we do not think the decisions themselves are in conflict therewith. It will be readily seen that by the transfer of the interest of a partner in the

joint property to his co-partner and his withdrawal from the firm, the parties in interest under the policy are changed. In the case before us, they remain the same; the change only affecting the property covered—the extent of the liability of defendant under the policy, in case of a loss, and without abridging that liability.

The demurrer to the answer was, in our opinion, correctly sustained.

AFFIRMED.