CHARLES E. POWERS & another *vs.* GUARDIAN FIRE AND
LIFE INSURANCE COMPANY.

Worcester. Oct. 2. — Nov. 30, 1883. FIELD & W. ALLEN, JJ., absent.

A sale by one partner to his copartner, and a mortgage back, of the seller's share
of the partnership property, upon which there is a policy of insurance against
loss by fire, issued to the partnership, are not a breach of a condition in the
policy that it shall be void, if, without the written assent of the insurer, "the
said property shall be sold."

A policy of insurance against loss by fire, issued to a partnership upon its property,
contained the condition that the policy should be void, if, without the written
assent of the insurer, "the situation or circumstances affecting the risk shall,
by or with the advice, agency, or consent of the insured, be so altered as to cause
an increase of such risk." One partner sold to his copartner, and took back a
mortgage of, the seller's share of the partnership property. *Held*, in an action
on the policy, in which both partners joined, that it could not be said, as mat-
ter of law, after a finding for the plaintiffs, that there was a breach of the
condition.

HOLMES, J. The defendant insured the plaintiffs, Powers
and Baldwin, against loss by fire upon certain goods owned by
them as partners, including their stock in trade. Afterwards
Powers sold his share to Baldwin, taking back a mortgage on
the same goods. The only question reported to us is whether
this transaction will prevent a recovery upon the policy. If
anything can be recovered, the amount is settled by agreement.

Apart from the conditions in the policy, the plaintiffs' case is
clear. Both the contractees join in the suit; *Tate* v. *Citizens'
Ins. Co.* 13 Gray, 79; and the plaintiff Powers retained an in-
surable interest after his sale, under the contemporaneous mort-
gage back to him, which was a part of the interest which he
had when the policy was issued, and carved out of it. It is not
necessary to consider whether, if he had retained no interest, an
action could have been maintained in the name of the two for
the benefit of Baldwin alone, as was thought in *Hobbs* v. *Mem-
phis Ins. Co.* 1 Sneed, 444, and denied in *Dix* v. *Mercantile Ins.
Co.* 22 Ill. 272; or, if so, what the extent of the recovery
would be.

The defence relied on was a breach of the conditions of the
policy. The words of the only material one are, "if, without
such assent [the written assent of the company], the said prop-
erty shall be sold." There is nothing more; no proviso against

" any change of title in the property insured, or of any undivided interest therein," as in *Dix* v. *Mercantile Ins. Co. ubi supra.* We have no occasion to differ from this and similar decisions, so far as they go on the precise language used in those cases. But we think that the reason of the thing and the weight of precedent agree that the condition with which we have to deal has not been broken. If it were construed with any strictness against the defendant, or even literally, the condition would only be broken by a sale of the whole of " the said property " by the firm. See *Savage* v. *Howard Ins. Co.* 52 N. Y. 502, 505; *Scanlon* v. *Union Ins. Co.* 4 Biss. 511. " The said property," taken literally, means the things described in the policy as insured, not the partial interest of one cotenant; and " sold " in connection with these words would naturally be taken to refer to the joint act of the joint party contracted with.

But we need not go so far in order to decide this case. Whatever might be the effect of a conveyance of his whole interest by one partner to a stranger, we think that such a conveyance to his copartner is not a breach. Assuming without argument that, if this were otherwise, the contemporaneous mortgage back would not save the condition, we think that partners jointly contracted with as such are to be regarded as so far only one person, and the condition as so far limited to keeping the ownership of the thing insured in some member of the insured body, that changes between themselves in the relative amounts, or in the nature, of their respective interests, do not fall within the fair meaning of the words used.

If we look beyond the interpretation of the words to the object of the condition, we cannot see any good reason why the insurers should wish to restrict the parties they deal with more narrowly. It is said that one of the parties loses his motive and right to keep a watch over the goods. That is hardly true in the present case; but, even if it were, the insurers did not stipulate for any such supervision. Either partner had a perfect right to abstain from it, for anything that is to be found in the policy. The proviso against the sale of the insured property is directed to a different point, the preservation of an insurable interest. So far as the object of preserving an insurable interest is concerned, as the actual interests of partners in the firm

property are necessarily fluctuating, there seems to be no particular reason why the insurers should wish to keep the state of the legal title unchanged as between them, — certainly no sufficient ground for extending the language chosen by the insurer beyond its plain and natural meaning.

Our conclusion is sustained by the weight of authority in this country. *Hoffman* v. *Ætna Ins. Co.* 32 N. Y. 405. *Pierce* v. *Nashua Ins. Co.* 50 N. H. 297. *Lockwood* v. *Middlesex Assur. Co.* 47 Conn. 553, 564. *West* v. *Citizens' Ins. Co.* 27 Ohio St. 1. *Burnett* v. *Eufaula Ins. Co.* 46 Ala. 11. *Dermani* v. *Home Ins. Co.* 26 La. An. 69. See also *Cowan* v. *Iowa Ins. Co.* 40 Iowa, 551; *Scanlon* v. *Union Ins. Co. ubi supra.*

As the sale by Powers was not a breach of condition, *a fortiori* a mortgage back to him was not. *Rice* v. *Tower*, 1 Gray, 426. *Judge* v. *Connecticut Ins. Co.* 132 Mass. 521.

Some little reliance was placed on another condition: "if, without such assent, the situation or circumstances affecting the risk shall, by or with the advice, agency, or consent of the insured, be so altered as to cause an increase of such risk." But if, under any circumstances, a general clause could be taken to carry the effect of a change of title higher than a special one expressly dealing with that subject, or if, even in the absence of a special clause, the present transaction could be brought within the scope of "circumstances affecting the risk," (*Houghton* v. *Manuf. Ins. Co.* 8 Met. 114, 122; *Allen* v. *Massasoit Ins. Co.* 99 Mass. 160,) we cannot say that it "caused an increase of such risk," as matter of law, after a finding for the plaintiffs.

*Judgment on the finding for the plaintiffs.*

*W. S. B. Hopkins*, for the defendant.

*H. C. Hartwell*, for the plaintiffs.