Bradbury J.
The record in this case raises two questions, both of which must be determined in favor of the plaintiff in error, to entitle him to relief.
1. Did the act of the assured, who before was a sole trader, in receiving a partner, constitute a sale and transfer of the insured property, within the meaning of the policy, and the policy thereby rendered void ?
*539 2. If it was not such a sale as to render the policy void, may the plaintiff maintain an action on the policy in his own name to recover for the loss ?
There is some conflict among the authorities upon the first question. It is discussed by May in his work on Insurance, and by the courts of a number of the states; notably in Dix et al. v. The Mercantile Insurance Co., 22 Ill. 272; Finley et al. v. The Lycoming County Mutual Ins. Co., 30 Penn. St. 311; The Hartford Fire Ins. Co. v. Ross et al., 23 Ind. 179; The Western Mass. Ins. Co. v. Riker et al., 10 Mich. 279; Drennan et al. v. London Assurance Corp., 20 Fed. Rep. 657; Malley v. Atlantic Ins. Co., 51 Conn. 222; Scanlon v. The Union Fire Ins. Co., 4 Biss. 511; Cowan v. The Iowa State Ins. Co., 40 Iowa 551; Hathaway v. State Ins. Co., 64 Iowa 229; Keeler v. Niagara Fire Ins. Co., 16 Wis. 523; Wood v. Rutland Ins. co., 31 Vt. 552.
An examination of the cases above cited will disclose that the conditions in the policies, where forfeiture for alienation was sustained, were materially different from the one involved in this action, except perhaps in the cases in 30 Penn. St. 311, and that in 16 Wis. 523, where the language of the condition was very similar to that now under consideration. In the other cases sustaining the forfeiture, the condition contained a provision forfeiting the policy, not merely for a “ sale or transfer ” of the property, but in case of “ a change of title ” or the sale of “ any undivided interest therein ” (23 Ind. 179); in case of a “change of title” (10 Mich. 279); “ or any change took place in the title or possession ” (51 Conn. 222; 20 Fed. Rep. 657) ; and therefore they cannot be rightfully claimed as direct authorities for the insurance company in the case at bar. In the case in 40 Iowa, 551, the condition against alienation was very similar to those above quoted, but the Supreme Court of Iowa held “that nothing less than a sale of the entire interest of the party insured would defeat the policy.” This doctrine was maintained by Drummond, J., in 4 Biss. 411.
Heretofore this precise question has not been before this court, and in the conflict of authorities respecting it, we feel *540 at liberty to adopt that rule upon the subject which most nearly accords with the policy of our decisions and the presumed intention of the parties. It is the policy of this court to strictly construe those clauses in an insurance policy which forfeit the indemnity provided for the assured. West et al. v. The Citizens' Insurance Company, 27 Ohio St. 1. In this case, on page 10, Johnson, J., refers with approval and in the following language to the views on the subject contained on page 74 of May on Insurance: “Exceptions in a policy should be strictly construed, and where there are two interpretations equally fair, that which gives the greater indemnity should prevail.” And on page 13 (27 Ohio St.) the same learned jurist says: “Stipulations in a contract providing for disabilities or forfeitures, are to receive, when the intent is doubtful, a strict construction against those for whose benefit they are introduced.”
Let us recur to the exact words of forfeiture as they are set forth in the defendant’s answer. “If.....said assured should sell or transfer the property thereby insured, that said policy should become null and void.” It was competent for the policy to provide, expressly, that a sale of a part of the property or of an interest therein should avoid the policy; this they did not do. The absence of a specific provision to that effect when it could have been so easily inserted, together with the rule before referred to that conditions which defeat a policy should be construed strictly against the forfeiture, leads us to hold that a sale of the entire interest of the party insured was necessary to avoid the policy.
In a strict legal sense, perhaps, wherever one engaged in business alone, takes a partner into his business, or a firm receives a new member, or a member goes out, the transaction results in the formation of a new concern, accompanied by a sale and transfer of all the property of the old establishment to the new one; but it is at least doubtful whether this strict legal result is contemplated by the business world generally. That the parties in the case before us intended the policy should be avoided, in case the assured received a partner *541 into his business, is uncertain; that the plaintiff understood the transaction to be a sale of an undivided half of the property and business to Horman, rather than a sale of the whole of it to a firm composed of himself and Horman, is quite probable. It was competent for the parties to provide in unambiguous terms that, if the assured received into the business, without the consent of the insurer, a partner, the policy should become void. This was not done, and we think the principles already announced require us to hold that the sale and transfer resulting from the reception of a partner did not avoid the policy.
Notwithstanding the transaction the plaintiff retained a substantial and insurable interest in the property covered by the policy, while to avoid the policy on account of the provision against alienation it should have divested him of his eutire interest.
The defendant contends that this construction disregards the rule that, in construing an instrument, effect should be given to all its parts ; and that to hold that the plaintiff must divest himself of his entire interest to avoid the policy renders the provision against alienation nugatory, because, if the policy contained no such provision, yet he could not recover for a loss that occurred after he had sold his entire interest, as in that event he suffered no injury, and the contract of insurance is one of indemnity. Whether the construction we have adopted renders the provision against alienation nugatory or not, or whether circumstances may not arise under which it might be operative, we do not deem it necessary to inquire, for the rule thus urged upon our consideration is only one of many rules applied by courts to ascertain the meaning of the words adopted by parties to express their intentions, and in many instances it readily yields to other rules of construction, as we think it should in the case now under consideration.
The remaining question presents no difficulty. Section 4993, Revised Statutes, requires an action to be brought in the name of the real party in interest. Here the plaintiff, alone, is interested in the policy of insurance set forth by *542 him in his petition; the contract it contains is to indemnify him; he can recover, of course, only to the extent he has been damaged; but, as no question is before us as to its proper measure, it will not receive consideration.

Judgment reversed.