HATHAWAY ET AL. v. THE STATE INSURANCE COMPANY.

1. **Assignment of Errors**: SPECIFICNESS. Where a number of instructions were asked, all presenting the same single proposition of law, an assignment that the court erred in refusing to give them, and each of them, specifically pointed out the very error objected to, and was sufficient.

2. **Insurance**: PROVISION AGAINST CHANGE OF TITLE CONSTRUED AND APPLIED. Where a policy of insurance against fire, issued to a firm upon firm property, contained this provision: "If the title of the property is transferred, incumbered or *changed*, * * * * * * * the policy shall be void," *held* that a sale and transfer by one of the partners to the other of his interest in the property was a violation of this condition, which rendered the policy void. (See opinion for authorities cited, distinguished and followed.)

*Appeal from Fayette Circuit Court.*

TUESDAY, JULY 22.

ACTION on a policy of insurance against loss or damage by

fire.   There was a verdict and judgment for plaintiff.   Defendant appeals.

*Fouke & Lyon, Ainsworth & Hobson* and *J. B. Johnson,* for appellant.

*John Hutchinson,* and *Hoyt & Hancock,* for appellee.

*D. W. Clements,* for intervenor.

REED, J.—The policy of insurance in question was issued to Hathaway & Smith, a partnership composed of plaintiff and E. P. Smith.   They were merchants, and the policy covered the stock of goods kept by them in their store.   Before the loss occurred  the partnership was dissolved, and plaintiff bought the interest of Smith in the firm property, and continued to carry on the business.   He alleges in his petition that Smith wholly transferred to him his interest in the policy, and that defendant had notice of such transfer, and consented to it.   The policy contains the following provision. "If the title of the property is transferred, incumbered or changed, or if, without written consent hereon, the policy is assigned, then, and in every such case, the policy shall be void."

The principal matter of defense relied on by defendant is the sale and transfer by Smith to plaintiff of his interest in the insured property,—the claim being that, under the provision quoted, the policy is rendered void by such sale and transfer.

The allegation that defendant had notice of the sale and transfer, and consented to it, was not proved on the trial, and the circuit court held, in effect, that it was not essential to plaintiff's right to recover that it should be proven.   Defendant presented a number of instructions to the court, and asked that they be given to the jury.   These instructions present, in various forms, the proposition that the sale by Smith to plaintiff of his interest in the insured property, before the loss, was such a change of the title to the property as avoided the policy.   The court refused  to give these instructions, and told the jury that

the only questions which they had to determine were, whether the stock of goods covered by the policy was damaged by fire, and, if so, what was the amount of the damage so caused.

The vital question in the case, then, is whether, under this provision of the policy, said sale and transfer by Smith of his interest in the property had the effect to terminate the contract. Appellee insists that the assignment of errors is not sufficiently specific to raise this question. But we think otherwise. As stated above, a number of instructions asked by defendant presented the single proposition that this sale and transfer of the interest of Smith had the effect to avoid the policy; and the refusal to give each of these instructions is assigned as error. As the instructions present but a single proposition, the assignment that the court erred in refusing to give them, and each of them, specifically "points out the very error objected to."

*1. ASSIGN-MENT of errors: specificness.*

Whether the sale by Smith of his interest has the effect claimed by defendant depends upon the construction which shall be placed on the words of the provision of the policy quoted above. The question as to the effect on the contract of insurance of the sale by one joint owner to another of his interest in the joint property, when the policy contains a provision against alienation, has often been before the courts; and the numerical weight of authority is probably in favor of the proposition that a sale by one partner to his co-partner of his interest in the partnership property does not have the effect to terminate a policy of insurance which contains a provision against the sale or transfer of the property. The case of *Hoffman v. Ætna Insurance Company*, 32 New York, 405, is probably the leading case holding this doctrine. The policy in that case provided that it should be null and void, "if the said property shall be sold or conveyed." The policy was issued to a partnership, one member of which sold his interest in the property to his co-partner before the loss, and it was held that this did not have the effect to avoid the policy; and this hold-

*2. INSUR-ANCE: provision against change of title construed and applied.*

ing is followed in *Dermani v. Ins. Co.*, 26 La. Ann. 69; *Pierce v. Ins. Co.*, 50 N. H., 297; *Burnett v. Ins. Co.*, 46 Ala., 11, and *West v. Ins. Co.*, 27 Ohio St. 1; in each of which cases the policy contained substantially the same provision. The ground upon which the holding is put is, that the alienation against which the parties provided by the provision was of the whole of the insured property, and not merely a portion of it, or some interest in it less than the whole; and that a sale of his interest by one partner to his co-partner was not such a disposition of the property as was contemplated by the parties when they framed the provision; that what was intended to be guarded against was such a transfer of the property as would change the proprietary interest therein of the parties with whom the insurers contracted, and substitute others with whom they had not consented to contract; but that the sale of his interest by one partner to his co-partner did not have the effect to introduce a stranger to the contract, or to make any change in the condition or situation of the property or risk. In *Cowan v. The State Ins. Co.*, 40 Iowa, 551, the policy was issued to plaintiff, but before the loss he sold the insured property to a partnership of which he was a member. It contained a similar provision against alienation, and it was held by this court that, as he retained an insurable interest in the property, the policy was not avoided by the sale; that, while the clause in the policy prohibited the alienation of the insured property, it did not forbid the sale of an interest therein less than the whole, and, as long as the plaintiff retained an insurable interest in the property, the policy attached to and protected that interest. We think it clear that this case does not sustain the position of appellee in the case now before us. The facts of the two cases, and the questions involved, are essentially different. In the one, the party seeking to enforce the contract was an original party to it, and the question involved was whether his right of recovery was defeated by his sale of an interest in the insured property, while, in this case, plaintiff is not personally a party

to the contract, and the question is whether he acquired a right of action on the policy by his purchase of an additional interest in the property. Nor do we think that the other cases cited above are conclusive of the question here involved. The provisions of the policies involved in those cases were that the policies should be null and void if the property was sold or conveyed, while the provision in this case is that, "if the title of the property is transferred, incumbered or changed, * * * * * * * the policy shall be void." The effect of this language is materially different from that used in the policies in the other cases. The title of the property would be transferred by a sale or conveyance of it to another person. If the word "changed" had not been inserted in the provision, the effect of the language would have been the same as that used in the other policies, and the same construction which was put upon the provisions in those cases could fairly have been put upon it. But the parties, having inserted in their contract words which fully express the provision that the policy would be avoided by a sale or conveyance of the property to a stranger, have also inserted another word, by which the same consequence is made to follow a change of the title to the property. It is certainly true that by a transfer of the title to the whole of the property to a stranger the title would be changed, but we cannot presume that the parties intented to express that provision by the use of the word "changed," for, as we have seen, they had already expressed it by the words which precede it in the contract.

This latter word was deliberately used by the parties, and we cannot reject it in construing the contract, and, as it neither limits or qualifies those which precede it, we are bound to presume that the parties intended by its use to express some provision or condition of their contract which was not otherwise expressed.

The effect of the provision is, then, that the policy would be avoided, either by a transfer of the title of the property insured to a stranger, or by a change of the title to it. This

conclusion can be avoided, as we think, only by disregarding the elementary rules of construction.

The case turns, then, upon the question whether a change of the title of the property occurred upon the dissolution of the partnership, and the sale by Smith to plaintiff of all of his interest in the property, and it seems to us there can be but one answer to this question. During the existence of the partnership it cannot be said that plaintiff had title to any specific share or interest in the property. His claim was to the proportion of the residue which should be found to be due to him upon the final balance of the accounts of the firm, after the conversion of the assets and the liquidation of its debts. But, upon the dissolution of the partnership, and the purchase by him of Smith's interest, he was vested with the absolute title to the whole of the property. We think, therefore, that the circuit court erred in refusing to give the instructions asked by defendant.

The conclusion we reach is sustained by the following authorities: *Keeler v. Niagara Ins. Co.*, 16 Wis. 523; *Hartford Fire Ins. Co. v. Ross*, 23 Ind. 179; *Dix v. Mercantile Ins. Co.*, 22 Ill. 272; *Wood v. Rutland Ins. Co.*, 31 Vt. 552.

REVERSED.