# Henry R. Mosser et al., Trading as Mosser & Sadler, Plffs. in Err., *v.* William M. Donaldson.

A landowner and a builder entered into a written contract for the erection of a building on the former's land, wherein it was provided that "the party of the second part (the builder) shall keep the said building at all times fully insured against fire, for the benefit of whom it may concern; and in case of loss the indemnity shall be divided between the parties hereto, according to their respective interests in the property destroyed." The builder insured the building accordingly. Plaintiffs furnished the builder material upon the credit of the building. A loss having occurred, the insurance money was paid to the landowner (the policy having been assigned to him by the builder), and the plaintiffs sued him for so much thereof as would satisfy their claim. *Held,* that the expression, "for the benefit of whom it may concern," applied only to the parties to the contract; and there being no evidence that the insurance was to be for the plaintiffs' benefit, or evidence of a subsequent promise to pay them therefrom, their action was not maintainable.

(Argued May 31, 1887.   Decided October 3, 1887.)

May Term, 1887, No. 18, M. D., before GORDON, TRUNKEY, CLARK, GREEN, and STERRETT, JJ.   Error to the Common Pleas of Dauphin County to review a judgment of compulsory nonsuit in an action of assumpsit.   Affirmed.

In addition to the facts appearing in the opinions, it may be stated that Null, the builder, in accordance with the terms of the contract set out in the opinions, on March 15, 1885, insured the building in his own name in the sum of $4,000, against loss from any fire which might occur before March 15 then next ensuing.   A fire did occur on February 16, 1886, resulting in a total loss; and soon afterwards Null assigned the policy to Donaldson, the owner of the building.   Shortly after that, in March, 1886, $3,690, the full amount of the policy, with 1 per cent off for prompt payment, was paid to Donaldson.   He refused to pay the claim of the plaintiffs, admitted to be $955.84, or any part of it; hence this suit.

On the trial the plaintiffs offered to prove by H. R. Mosser, one of the plaintiffs:

"That during the time the lumber in suit was being furnished for the defendant's house, witness had two or more interviews

with the defendant, at which he expressed himself dissatisfied with the fact that Null had paid only $300 on the lumber, and requested witness to keep him informed of the delivery of materials, and payments therefor from time to time, which the witness did; and the defendant promised to let the witness know when he, the defendant, would make the next payment to Null, and did let him know accordingly, at which time the defendant paid Null $1,000 and insisted that Null should out of this pay the witness (plaintiff) $700; and he gave as a reason for this that he was liable to have a mechanics' lien against his house for whatever remained unpaid, which he did not want, and would not have, and that he would look out for that. This for the purpose of showing the defendant's admitted liability for the price of the lumber, so far as not paid for by Null, and to show legal grounds for an implied promise to pay for the same."

This offer the court rejected, and gave the plaintiffs an exception. (First assignment of error.)

The plaintiffs further offered to prove: "That the building in question having been insured for $4,000, in pursuance of the contract with Donaldson, the plaintiffs were thereby deprived of the power to insure, or otherwise they might have been able to secure themselves; and this for the purpose of showing a privity between the plaintiffs and the defendant, and also to lay legal grounds for an implied assumpsit."

This offer the court also rejected, and gave plaintiffs an exception. (Second assignment of error.)

The plaintiffs rested; and thereupon, on motion of defendant's counsel, the court ordered a compulsory nonsuit, with leave to the plaintiffs to move to take it off. The same day a motion to take off the nonsuit was filed by plaintiffs, with reasons. This motion was subsequently overruled, and this writ was taken by the plaintiffs, specifying the above assignments of error; and (3) that the court erred in entering the compulsory nonsuit; and (4) that the court erred in refusing to take off the compulsory nonsuit.

The opinion of the court below, on entry of nonsuit, was as follows:

This action is brought by Messrs. Mosser & Sadler against the defendant, to recover certain money which the plaintiffs declare the defendant has in his hands, under a promise, expressed or

implied, to devote a portion of it to their claim. The facts which are not disputed are briefly these: Mr. Null made a contract with Mr. Donaldson to erect a building for him. That contract was in writing, and contains this clause:

"The said party of the second part shall keep the said building at all times fully insured against fire for the benefit of whom it may concern; and in case of loss the indemnity shall be divided between the parties hereto, according to their respective interests in the property destroyed."

Subsequently Mr. Null ordered a good deal of material for this building from the plaintiffs, and that material was furnished upon the credit of the building. For the property thus furnished the plaintiffs had an undoubted right to file a mechanics' lien. Whether or not they also had a right to maintain an action against Mr. Donaldson, and to hold him personally responsible for it, is a question which in our judgment does not arise in this action, which is not brought to enforce his personal responsibility for the property furnished. It is expressly brought, and has been expressly so stated, to recover the insurance money received by the defendant—money which is said to be impressed with a trust in favor of the plaintiffs. It is manifest, therefore, that the case turns upon the construction of the contract, and really upon the construction of the clause quoted.

As we construe that clause, it gives no such right to the plaintiffs as is claimed. It concerns merely the respective interests of Messrs. Null and Donaldson, and provides what is to be done for the protection of these interests alone; and as there is no evidence, either in the contract or outside of it, that this insurance was to be for the benefit of the plaintiffs, and no evidence of any subsequent promise to apply the money in whole or in part to pay the plaintiffs for the materials furnished, we think the case has not been made out. We, therefore, enter a compulsory nonsuit; and the plaintiffs have leave to move to take it off.

The opinion, on refusing to take off nonsuit, was as follows:

Upon the trial, the plaintiffs expressly limited their claim to a portion of the money received by the defendant as proceeds of the insurance upon his burned building, and founded it upon the following clause in the building contract between the defendant and Null, the builder:

"The said (Null) shall keep the said building at all times

fully insured against fire, for the benefit of whom it may concern; and in case of loss, the indemnity shall be divided between the parties hereto, according to their respective interest in the property destroyed."

They claimed to be included in the phrase, "whom it may concern," and, to show that they were concerned, gave evidence sufficient to make out their right to a mechanics' lien. This was enough, if the clause quoted refers to them at all, and therefore, we refused to go into the additional question of the defendant's personal liability for the materials furnished. This suit was not brought to enforce that liability; and since the plaintiffs' interest upon one sufficient ground was already shown it would have been a mere waste of time to show it again upon another.

The controlling question is this: Was the clause quoted above made for the plaintiffs' benefit? If it was, they may sue upon it, although they are not parties to the instrument. Wynn v. Wood, 97 Pa. 216; Dreer v. Pennsylvania Co. for Ins. on Lives & G. A. 108 Pa. 226; Zell's Appeal, 111 Pa. 532, 6 Atl. 107.

We thought upon the trial, however, and still think, that the phrase in dispute refers to Null and Donaldson alone. Their respective interests in the building would vary from time to time, Null's being at first exclusive, and Donaldson's increasing gradually as the building grew, and he made the payments agreed upon.

In our opinion, these were the only interests the parties had in view, for they immediately go on to provide that in case of loss, the indemnity shall be "divided between the parties hereto." This is a plain declaration that the persons "whom it may concern" are "the parties hereto;" and since no provision follows that after division the proceeds are to be held by either, for the benefit of any other person, we see nothing in the agreement on which to base the plaintiffs' claim. There is certainly no express contract to hold the proceeds in trust for the plaintiffs; and the reason for implying a contract to that effect is considerably weakened by the consideration that they could themselves have insured their interest in the building. May, Ins. 93, p. 87; note to Strong v. Manufacturers' Ins. Co. 20 Am. Dec. 512; Stout v. City F. Ins. Co. 12 Iowa, 371, 79 Am. Dec. 539.

They had a direct pecuniary interest which would be damaged by its destruction. Mutual F. Ins. Co. v. Wagner, 1 Sad. Rep. 66.

But aside from this, the defendant was under no duty to protect them from loss; and not having agreed to do so in fact, we think this suit cannot be maintained.

Motion refused. Exception to plaintiffs.

*Hall & Jordan,* for plaintiffs in error.—The action of assumpsit is one of great comprehensiveness and aptitude; and in many cases the real ground of recovery is not any real or supposed consent of the defendant, but because it was his duty to restore the money to the true owner; and this duty the law will enforce by an action of assumpsit. Reeve, Dom. Rel. 80.

The "action for money had and received can be maintained whenever one man has received or obtained the possession of money of another which *ex æquo et bono* he ought to pay over. There need be no privity between the parties, or promise to pay, other than the implied promise which arises from the facts. When the fact appears that one has money which he ought to pay over the law creates the privity and the promise." Brand v. Williams, 29 Minn. 238, 13 N. W. 42, 4 Rep. 404; Wynn v. Wood, 97 Pa. 216; Thomas v. Cummiskey, 108 Pa. 354.

Donaldson on receipt of this insurance money held it in trust for the plaintiffs, who have the right to recover it in this action of assumpsit; and "although under the evidence there may have been no express contract of indemnity, yet there was its equivalent in the form of an implied contract." Thomas v. Cummiskey, 108 Pa. 354.

"It is a rudimentary principle that a party may sue on a promise made on a sufficient consideration, for his use and benefit, though it be made to another and not himself." Merriman v. Moore, 90 Pa. 78; Justice v. Tallman, 86 Pa. 147; Moody v. Wiley (Ky.) 13 Rep. 13; Emmitt v. Brophy, 42 Ohio St. 82; Bagaley v. Waters, 7 Ohio St. 359, 367; McDowell v. Laev, 35 Wis. 171; Coster v. Albany, 43 N. Y. 399, 411; Hoff's Appeal, 24 Pa. 200, 205; Siter v. Morrs, 13 Pa. 218.

"And he may sue upon such contract without a consideration passing from him to the promisor." Moody v. Wiley (Ky.) 13 Rep. 13, and other cases cited above. See also Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58, and cases there cited.

*James I. Chamberlin* and *Wallace DeWitt,* for defendant in error.—As the plaintiffs claim under the phrase "for the ben-

efit of whom it may concern," we say that independently of the limitation to the parties to the agreement the plaintiffs have not so brought themselves within the law, as laid down by this court, as to enable them to share in this fund.

It is not enough for the plaintiffs to show that they have furnished lumber to the house; that they have a right to a mechanics' lien and had filed it; that they had lost by the fire, and that they could not insure their interest in the company which issued the policy to Null.

In De Bolle v. Pennsylvania Ins. Co. 4 Whart. 68, 33 Am. Dec. 38, this court says: "No one can claim the benefit of an insurance made by another for account of whom it may concern, without showing that it was the intention of the person obtaining the insurance to embrace his interest in the goods at the time of the insurance." See also Steele v. Franklin F. Ins. Co. 17 Pa. 298.

The case in hand is essentially different from that of Thomas v. Commiskey, 108 Pa. 354, upon which plaintiffs rely. In that case the insurance policies on their face showed that Thomas & Sons took them to protect their own goods, goods which they held in trust, and goods which they held for customers. And the supreme court says: "We may say *in limine* that the policies covered plaintiff's goods." Thomas & Sons acknowledged that they held the money in trust for the customer, by offering Cummiskey a portion of his loss. The principles controlling the case in hand and the Cummiskey Case have nothing in common.

PER CURIAM:

We concur in the opinion of the court below; hence, affirm this case.

Judgment affirmed.