seded by, the judgment. As a decision on the merits can have no retrospective effect, the appeal should be dismissed. Grunberg v. Blumenlahl, 66 How. Pr. 62; Health Department v. O'Reilly, 49 N. Y. Super. Ct. R. 524; Fieldhouse v. Neville, 16 Wkly. Dig. 472. Courts will not decide mere abstract questions, from the determination of which no practical result can follow. People v. Common Council of Troy, 82 N. Y. 575. The motion to dismiss the appeal must therefore be granted, with costs.

---

(4 Misc. Rep. 443.)

## GERMANIA FIRE INS. CO. v. HOME INS. CO.

(Superior Court of New York City, General Term. July 3, 1893.)

INSURANCE POLICY—BREACH OF CONDITION.

> Where insurance is issued to a sole trader on his stock of goods, a condition avoiding the policy "if the property be sold or transferred, or any change takes place in title or possession," is violated by his subsequently taking in a partner.

Appeal from trial term.

Action by the Germania Fire Insurance Company against the Home Insurance Company on an insurance policy. From a judgment for defendant, plaintiff appeals. Affirmed.

On the 1st of May, 1873, John A. S. Verdier procured an insurance by the defendant company "on his stock of hardware, tin, iron, stoves, and such other articles as are usually kept on sale by him as a hardware and Yankee notion dealer," contained in his store in Grand Rapids, Mich. This insurance was for one year. (1) On the 1st of May, 1874, the same was renewed for another year, and $37.50 was paid and a renewal receipt taken. (2) On the 4th of May, 1874, the said Verdier and one William A. Brown entered into a copartnership agreement, whereby Verdier had an interest of seven-tenths, and Brown an interest of three-tenths. (3) On the 4th of June, 1874, the stock was partially destroyed by fire, whereby a loss accrued to the amount of $6,818.20. There was an insurance in other companies to the amount of $7,744.31, as to which their contributory share is conceded by way of deduction. (4) On the 4th of November, 1874, the plaintiff, the Germania Company, paid its share of the loss, and took a joint and several assignment by Verdier & Brown of their claim against the defendant. (5) It is conceded that the stock was transferred by Verdier to Verdier & Brown without the knowledge of the defendant. The questions to be considered are as follows: Did the taking in of the new partner, Brown, void the policy? If not, is the recovery limited to Verdier's interest, which is admitted to be seven-tenths, or can the plaintiff recover for the whole interest? In the one event the recovery will be for $1,903.76, and in the other it will be for $1,394.28, with interest.

The opinion of McADAM, J., rendered at trial term, is as follows:

"Questions of forfeiture in consequence of transfer of interest have arisen in almost every conceivable shape, mainly for the reason that the phraseology of the so-called 'alienation clause' is diverse in different policies. In 1 May on Insurance (3d Ed. pp. 552–556) are collected fifty variations of this clause, and the reported decisions must be read in the light of the particular language employed in the policy construed. In the present instance the condition of the policy is that, 'if the property be sold or transferred, or any change takes place in title or possession, * * * the policy shall be void.' Verdier, the person insured, by taking in Brown as a partner, made the corpus of the

effects joint property. Each acquired a concurrent title in the whole, (Story, Partn. § 91,) but neither had any exclusive right to any part of the stock in trade, so as to enable him to separate it from the common property, and sell it as his own, (Rogers v. Batchelor, 12 Pet. 221.) Indeed, Verdier ceased to have any separate interest in the corpus, and the share of each partner could be thereafter determined only after the partnership debts were paid and accounts taken. Menagh v. Whitwell, 52 N. Y., at page 158. See, also, Williams v. Whedon, 109 N. Y. 333, 16 N. E. Rep. 365; 5 Wait, Act. & Def. 119. Each, in effect, became possessed of the whole property for all the purposes of the partnership until they were in some mode accomplished. It would be solecism to hold that the formation of this partnership, and the introduction of Brown as part owner, did not work a change of both title and possession of the property insured. True, Verdier might have insured his interest as a copartner in the firm, and recovered any loss sustained in that character; but that is not the case. He did not do that. He insured as sole owner, under a condition that when he ceased to bear that relation to the property the policy was to become void. That condition was a valid one, and, however much the law abhors forfeitures, it is a material part of the contract, and must be respected and enforced. The rule is not unreasonable, for the risk assumed by the insurers depends upon the character and circumstances of the insured. They have a right to know with whom they are contracting, and to whom they are to account, and no new party can be thrust upon them contrary to the terms of their contract, which is personal in its nature, and does not pass with the title to the property. These conclusions accord with the authoritative decisions upon the subject. See Drennen v. Assurance Co., 20 Fed. Rep. 657; Malley v. Insurance Co., 51 Conn. 222; Biggs v. Insurance Co., 88 N. C. 141; Hathaway v. Insurance Co., 64 Iowa, 229, 20 N. W. Rep. 164; Card v. Insurance Co., 4 Mo. App. 424. The earlier Iowa case of Cowan v. Insurance Co., 40 Iowa, 551, holding that the portion of the property sold to the incoming partner would lose the benefit of the insurance, but that the policy would remain operative to protect the interest of the vendor still remaining in him, has been unfavorably criticised, (Malley v. Insurance Co., supra,) and subsequently the Iowa court explained that the Cowan Case was decided on the ground that the alienation clause was not pleaded as forbidding 'a change in title or possession,' but only as forbidding an entire sale or transfer, (Hathaway v. Insurance Co., supra;) and as to same distinction see Blackwell v. Insurance Co., 16 Ins. L. J. 699. The Cowan Case must be rejected as authority here. The case of Hoffman v. Insurance Co., 32 N. Y. 405, is not in conflict with the views expressed. There a policy was issued to a firm, and one of the partners, upon retiring, transferred his interest to the remaining partners, and the court held that the effect of the usual proviso against sales in policies of insurance is not to interdict sales of the owners as between themselves, but only sales of proprietary interests by the parties insured to third persons. The court did not decide that a stranger could be introduced into the firm, and made a party to the contract of insurance, without the consent of the other contracting party. That question was not before the court, although it intimated strongly against the feasibility of any such scheme. In the case last cited the insurance company had accepted all three members of the firm as parties entirely satisfactory to intrust with possession and control. In the present case the company had no knowledge of the transfer to Brown until after the fire, had no opportunity of passing on his qualifications as custodian of the property, and never assented to his introduction as a party to the contract. The company may have been willing to insure Verdier so long as he was the exclusive owner and custodian of the property, but when the change of interest occurred, and possession was to be turned over to a copartner with equal power of control, the company became so far affected by the transfer that the policy became void, unless it first assented to the change. No such consent having been given, neither Verdier nor his partner, nor the plaintiff as their assignee, has any right of action whatever in the policy. It follows that the defendant is entitled to judgment, with costs."

Argued before FREEDMAN, P. J., and GILDERSLEEVE, J.

G. W. Cotterill, for appellant.

Richards & Heald, (George Richards, of counsel,) for respondent.

PER CURIAM. ·For reasons set forth in the opinion of the learned court below the judgment appealed from is affirmed, with costs.

---

(4 Misc. Rep 450.)

## ERNST v. BROWN HOISTING & CONVEYING CO.

(Superior Court of Buffalo, General Term.   July 14, 1893.)

INJURY TO EMPLOYE—NEGLIGENCE—QUESTION FOR JURY.
    Plaintiff, while working on a timber framework in the employ of defendant, was injured by the breaking of one of the timbers, and claimed that the timber was defective, and that the defect could have been discovered by defendant. The evidence for defendant was indefinite as to inspection of the framework, and as to whether the timber had been before used for the same purpose. *Held* proper to submit the case to the jury.

Appeal from trial term.

Action by Frederick G. Ernst against the Brown Hoisting & Conveying Company to recover for personal injuries.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes of the court, defendant appeals.   Affirmed.

Argued before WHITE and HATCH, JJ.

Adolph Rebadow, for appellant.

George W. Cothran, for respondent.

WHITE, J.   The defendant is a foreign corporation engaged in the business of manufacturing and selling machines for handling coal and ore and other material.   On January 7, 1891, the plaintiff was in the service of the defendant, and in the discharge of his duty was on the top of a framework of timber which was constructed by the defendant for the purpose for which it was being used by the plaintiff.   While the plaintiff was thus engaged, and while he was standing on a plank supported by cross timbers at either end thereof, one of these cross timbers broke; the plank upon which the plaintiff stood dropped from beneath his feet; he was precipitated to the ground, a distance of some 40 feet, and injured; and for these injuries he recovered a verdict for $5,135.   The timber that broke and caused the accident in question was one of two, each of which was two inches thick and eight inches wide.   These two timbers were in a horizontal position, and each was securely fastened at each end to an upright timber.   The upper edge of one of these two horizontal pieces of timber was slightly above the other.   Similar timbers to the above-described two horizontal ones were fastened in a similar manner to two other similar upright