Wм. OLDHAM, Appellant, v. ANCHOR FIRE INSURANCE
COMPANY.

Insurance Policy: CLAUSE AS TO CHANGE OF TITLE.  Where a policy
running to a partnership prohibits change in the title or possession of
the insured property, a sale by two partners to the third, will avoid
the policy, and the buying partner can not recover to the extent of
his original interest. *Hathaway v. Ins. Co.*, 64 Iowa, 229, *followed;
Cowan v. Ins. Co.*, 40 Iowa, 551, *distinguished.*

*Appeal from Mahaska District Court.*—HON. DAVID RYAN, Judge.

FRIDAY, FEBRUARY 2, 1894.

ACTION to recover upon a policy of insurance against loss by fire. The case was tried to a jury, and on motion a verdict was ordered for the defendant. Plaintiff appeals.—*Affirmed.*

*Seevers & Seevers* for appellant.

*Sullivan & Sullivan* and *Bolton & McCoy* for appellee.

GIVEN, J.—I. But a single question is presented on this appeal, and that question is sufficiently shown by appellant's abstract of the pleadings. There was no necessity for setting out the evidence contained in additional abstracts, as it simply affirms that which is admitted in the pleadings. The pleadings show that the policy sued upon was issued to William Oldham, Jesse Garner and George Ney, insuring them against loss by fire to the amount of five hundred dollars on certain machinery described, used by them as partners in the business of mining and selling coal, which property was destroyed by fire January 16, 1891, of which due notice and proof were made. Prior to the fire, Jesse Garner and George Ney orally sold and delivered the property insured to the plaintiff, who assumed their obligations with respect thereto. After the fire, Garner and Ney, in writing, transferred said policy to the plaintiff. The policy contains this provision: "That if the property be sold or transferred, or any change take place in the title or possession, whether by legal process or judicial decree or voluntary transfer or conveyance, without written permission of this company

on this policy, then this policy shall be void." Plaintiff does not allege, nor is it claimed, that the company had given permission for, or had any knowledge of, said sale and delivery. The question presented is, whether that sale and delivery rendered the policy void. While it may be true, as claimed, that each partner had an insurable interest, and might have taken insurance thereon in his own name, we think it is evident that this insurance was to the partnership. The petition shows, and the answer admits, that the policy was to Oldham, Garner & Ney, not separately, but jointly. It was upon property belonging to them, and being used by them as partners in their partnership business, and the insurance was in the sum of five hundred dollars to the three persons insured. The only facts disclosed in the evidence not shown by the pleadings is that this partnership was known as Oldham, Garner & Ney, and sometimes as Standard Number 2. If a note had been given by or in the name of these three persons on account of this insurance, their liability as a firm would hardly be questioned, nor their right to recover as a partnership if the loss had occurred before the transfer. We think the case is exactly within the rule announced in *Hathaway v. Insurance Co.*, 64 Iowa, 229, 20 N. W. Rep. 164. In that case the policy was to Hathaway & Smith, a partnership, composed of the plaintiff and E. P. Smith. The policy also contained a provision that, "if the title of the property is transferred, incumbered, or changed, or if, without written consent hereon, the policy is assigned, then, and in every such case, the policy shall be void." Before the loss, the partnership was dissolved, and plaintiff bought the interest of Smith in the firm property. This court held that there was a change of title upon the dissolution of the partnership. Some stress is laid upon the use of the word "changed" in the policy. It will be noticed that the condition in this policy is

more extended than in that, or in any of the cases therein referred to. This policy is conditioned against the property being sold or transferred, or any change taking place in the title and possession. Prior to the sale and delivery to plaintiff, title and possession were in the firm of Oldham, Garner & Ney, and consequently there was not only a transfer and change in the title, but also in the possession. If it should be said that the title was in the individuals, and not in the firm, still there was a change of possession, for unquestionably it was the firm that was using and had possession of the property. In *Cowan v. Insurance Co.*, 40 Iowa, 551, the policy was issued to plaintiff on a stock of goods. He thereafter formed a partnership with one Haskins under the firm name of Cowan & Haskins, and transferred the insured property to the firm. The policy was conditioned against alienation without the consent of the company. This court held that, as the plaintiff retained an insurable interest in the property, the policy protected him to the extent of his interest. The distincton between that and the case of Hathaway is clearly pointed out in the latter case. The same distinctions exist between that case and this, and it is not authority for saying that this appellant is entitled to recover, even to the extent of the interest which he continuously held in the property. The reason upon which these conditions in policies are sustained is, that the company has a right to determine with whom it will contract. In the case of Cowan it contracted with Cowan, not only as to title, but as to possession, and the transfer did not withdraw the care of Cowan, upon which the company relied. In this case the contract was for the possession and care of the three persons insured, and not of any one of them. Our conclusion is that the judgment of the district court should be AFFIRMED.