H. O. JONES v. THE PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

Insurance:   CHANGE OF POSSESSION.   Where a policy of insurance is issued to a firm, on its stock of goods, a dissolution of the firm, under an agreement, whereby one partner remains in possession of the entire stock and gives his note for the interest of the retiring partner therein, the latter retaining the right to see that the stock is kept up to its present value until the debt is paid, is a breach of a condition against change of possession, if not of title, of the property insured.

*Appeal from Calhoun District Court.*—HON. GEORGE W. PAINE, Judge.

MONDAY, FEBRUARY 10, 1896.

Action on a policy of fire insurance. Judgment for plaintiff, and defendant appealed.—*Reversed.*

*R. W. Barger* and *Stevenson & Lavender* for appellant.

*Botsford, Healy & Healy* for appellee.

Granger, J.—On the thirty-first day of March, 1892, the defendant company issued its policy of insurance to Jones & Kerstetter, of Manson, Iowa, for the sum of one thousand, nine hundred dollars, on a stock of merchandise, and for one hundred dollars, on their store fixtures and furniture. On the thirty-first day of March, 1893, the stock of goods was totally destroyed by fire, and this action is to recover on the policy. A defense pleaded to the action is, that, before the loss, the property insured was sold, or the title or possession of the property, or a part of it, was transferred or changed. The defense is based on the following clause of the policy: "This policy shall be void in the following instances, unless consent is indorsed by the company hereon, namely, * * * if the said property shall be sold, or this policy assigned, or if the title or possession of the property, or any part thereof, is transferred or changed (other than by succession, by reason of the death of the assured), whether by legal process, judicial decree, voluntary transfer, conveyance, or otherwise." The contention, in this respect, is one of fact, it not being contended but that a violation of the provision will avoid the policy. Such a rule of law has been too many times announced to be open to question. It is, however, contended that, under the particular facts of this case, there was no breach of the conditions of the policy, and this leads us, briefly, to notice the facts. They appear, without dispute, as follows: That Jones &

Kerstetter were a firm, engaged in the mercantile business when the policy was given, and it was made to the firm, which, as such, owned and had possession of the stock insured. In November after, because the business did not amount to enough to warrant both to continue in it, it was agreed that Kerstetter should retire. To this end, they estimated the value of the stock on hand, and their debit and credit accounts. The estimate disclosed that the debit and credit accounts were about equal, so that one offset the other, which left for division the stock of goods, which was valued at one thousand, nine hundred dollars. As Jones was not able to buy Kerstetter's interest for cash, he made his notes to him for nine hundred and fifty dollars. The notes were not made until some days after the agreement. The agreement was made on the eighteenth day of November, and on that day Kerstetter retired from participation in the business, management, or control of the store, and took a clerkship in a store across the street. A clerk was hired by plaintiff, and the business, was in all particulars, done in his name. The only claimed right of Kerstetter in the business is this: that, from the testimony, it appears that, when the agreement was made, it was understood, and hence a part of the agreement, that half of the purchase price should be paid on the first of March, and the other half on the first of June, following. If there was a failure to pay at that time, Kerstetter's interest was to continue until the debt was paid. The only right that Kerstetter had, as to the stock, was to see that it was kept up to the present value —that is, the value when the change took place, Mr. Kerstetter says: "The goods were kept up, according to my observation." It is manifest that the only interest or act of Kerstetter, with reference to the goods, after November 18, was to observe whether or not the stock was being kept up

and together. That is the most that can be said. Whatever might be said as to the title, there is no room for dispute that the possession was changed. Kerstetter had no more the possession of the goods than he would have have had under an absolute sale, with a lien thereon, under a stipulation that the stock should be kept up to its value. He would then have the right to observe its condition, and insist upon a compliance with the stipulation. In such a case, there would be an entire change of possession, and there was in this case. The details of the evidence show it, as clearly as any facts could be shown. The insurance was given with Kerstetter as one in possession of the goods, and the parties contracted that the insurance should only continue while such possession was continued. The partnership was, unmistakably, dissolved, and a notice thereof published, signed by the parties. In *Oldham v. Insurance Co.*, 90 Iowa, 225 (57 N. W. Rep. 861), we held, that a sale by one partner, of his interest, to another partner, was a breach of the condition of the policy against sale, and it must follow, logically, that such a change of possession constitutes such a breach. In fact, we do not understand this to be questioned. See, also, *Hathaway v. Insurance Co.*, 64 Iowa, 229 (20 N. W. Rep. 164). We need not dwell upon the facts. There was such a change of possession, if not of title, as to avoid the policy. At the close of the evidence, the defendant moved the court to direct a verdict for it, on the ground that no legal liability had been shown, and it should have been sustained. This point seems so conclusive of the case that we need not consider other errors assigned. The judgment is REVERSED.