HAGAN et al. v. SCOTTISH UNION & NATIONAL INS. CO.[1]

(District Court, E. D. Pennsylvania. November 11, 1899.)

No. 4.

1. INSURANCE—CONFLICTING CLAUSES—CONSTRUCTION.
    Where an insurance policy contains conflicting clauses, those in writing will overrule those in print; and the general principle that the policy should be construed against the company, rather than against the insured, will be applied.

2. SAME—MEANING OF PARTICULAR WORDS USED.
    The phrase, "for account of whom it may concern," or equivalent terms, clearly evinces a purpose to keep insured the entire title to a boat; and one who purchases a part interest, and adopts the insurance, will be allowed to recover for a loss, although a printed stipulation in the policy is inconsistent with such right.

In Admiralty. This was a libel by the owners of a vessel against an insurance company to recover for a loss by fire. The policy declared that it was issued "for account of whom it may concern." The defense was based upon a clause providing that the policy should be void "if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance." The facts are very fully stated in the opinion of the court. Decree for libelant.

Horace L. Cheyney and John F. Lewis, for libelants.
Henry R. Edmunds, for respondent.

McPHERSON, District Judge. In December, 1897, Peter Hagan, who was then the sole owner of the tugboat Senator Penrose, took out a fire policy for one year in the respondent company, insuring Peter Hagan & Co., "for account of whom it may concern, to an amount not exceeding $2,000, on the iron tug Senator Penrose, her hull, tackle, apparel, engines, boilers, machinery, appurtenances, furniture, and supplies." Among the printed provisions of the policy, it is declared that the contract shall be void "if the interest of the insured be other than unconditional and sole ownership," or "if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance, * * * whether by legal process or judgment, or by voluntary act of the insured or otherwise, or if this policy be assigned before a loss." In June, 1898, Hagan sold a half interest in the tug to Martin, but did not notify the company of the sale, or obtain its consent thereto. There was some discussion between Hagan and Martin concerning the effect of the sale upon the policy, and they took the advice of an insurance broker upon the sub-

[1] Reported by Arthur G. Dickson, Esq., of the Philadelphia bar.

98 F.—9

ject, coming finally to the conclusion that the clause, "for whom it may concern," was sufficient to protect the interest of Martin without further action. The sale included a half interest in the policy, and Martin accounted to Hagan for the proper share of the premium for the unexpired term. In the month of July the boat was destroyed by fire. Proofs of loss were made, but the company refused to pay, upon the ground that, under the foregoing provisions of the policy, the sale to Martin had made the contract void.

The decision of the case depends upon the effect to be given to the words, "for whom it may concern." This clause, so far as it may be in conflict with other language in the policy, must, upon familiar principles, be regarded as dominant. It expresses the special agreement of the parties, for it is in writing, while the conflicting provisions are in print, and general printed conditions usually give way to deliberately chosen written words. Moreover, even if the court doubted which provision should prevail, another well-known rule requires the policy to be construed against the company rather than against the insured; and therefore, upon either grounds, the clause now under consideration is controlling.

The effect to be given to it seems to be well settled. The supreme court, in Hopper v. Robinson, 98 U. S. 528, 25 L. Ed. 219, states it in this language:

"A policy like the one here in question, in the name of a specified party, 'on account of whom it may concern,' or with other equivalent terms, will be applied to the interest of the persons for whom it was intended by the person who ordered it, provided the latter had the requisite authority from the former, or they subsequently adopted it. 1 Phil. Ins. § 383.

"This is the result, though those so intended are not known to the broker who procures the policy, or to the underwriters who are bound by it. Id. § 384.

"One may become a party to an insurance effected in terms applicable to his interest, without previous authority from him, by adopting it either before or after the loss has taken place, though the loss may have happened before the insurance was made. Id. § 388.

"The adoption of the policy need not be in any particular form. Anything which clearly evinces such purpose is sufficient."

The first step, therefore, in a given case, is to determine what interest the person taking out the policy intended to protect. It is not essential that he should have had any specific individual in mind. It is enough if he intended to protect the interest that afterwards passed to the person injured; and, if he so intended, the policy may be adopted afterwards by a subsequent sole or partial owner of the interest, although such owner may have been unknown to the person taking out the insurance, or to the company, at the time the policy was written.

In the present case, I have no doubt (and I find the fact to be) that Hagan intended to insure, and to keep insured for one year, the entire title to the boat. He did not intend merely to protect such interest as he himself might have from time to time. If this had been his object, the policy would more naturally have been taken out in his own name, omitting the qualifying phrase. But he intended to protect the ownership of the boat, whether vested in himself alone, or shared with, or transferred to, other persons.

This being his intention, and Martin having afterwards adopted the policy by the agreement of sale and by accounting for a proper share of the premium, I think no further difficulty exists. The facts bring the dispute within the rule laid down in Hopper v. Robinson, and in other cases, to which reference need not be made. In Mosser v. Donaldson (Pa. Sup.) 10 Atl. 766, cited by the respondent, it clearly appeared that the parties intended that two persons only should have the benefit of a similar phrase, and this is the ground upon which a third person was denied the right to share in its protection. I do not think that the decision of the Maryland court of appeals in Fire Ins. Ass'n v. Merchants' & Miners' Transp. Co. (Md.) 7 Atl. 905, is in conflict with the rule stated by the supreme court of the United States, but, if there is a conflict, my duty is plain.

A decree will be entered in favor of the libelant for $1,533.33, with interest from October 8, 1898, and costs.