SCOTTISH UNION & NATIONAL INS. CO. v. HAGAN et al.

(Circuit Court of Appeals, Third Circuit. June 1, 1900.)

No. 5.

INSURANCE—CONSTRUCTION OF POLICY—SUBSEQUENT TRANSFER OF PROPERTY.

The fact that a policy insured the owner of a tugboat "for account of whom it may concern" is not inconsistent with, and does not abrogate, a further printed provision of the policy that it should be void "if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance," where it is not shown that the owner in fact intended to insure the interest of any subsequent purchaser, since the retention of the printed clause precludes any inference of such an intention; and, a subsequent sale by the owner of a half interest in the boat and in the insurance, without the knowledge or consent of the insured, invalidated the policy.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Henry R. Edmunds, for appellant.

Horace L. Cheyney, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. By the libel in this case the appellees, Peter Hagan and Edward F. Martin, claimed to recover from the appellant, the Scottish Union & National Insurance Company, upon a fire policy on a tugboat, insuring Peter Hagan & Co. for account of whom it may concern. The court below entered a decree for the libelants (98 Fed. 129), and thereupon the insurance company appealed.

The policy provided that it should be entirely void "if the interest of the insured be other than unconditional or sole ownership, * * * or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance, * * * whether by legal process or judgment, or by voluntary act of the insured, or otherwise, or if this policy be assigned before a loss." A change did take place in the interest, title, and possession of the boat; for Hagan, during the life of the policy and before loss, sold a one-half interest therein (including a half interest in the policy) to Martin, and Martin became master of the boat. The company had no knowledge of this transaction, and, of course, did not consent to it. Soon thereafter the boat was destroyed by fire, and, the company having refused to pay, Hagan and Martin filed this libel, alleging that at the time of the fire each of them was the owner of one-half part of the tug. Were they entitled to recover? They certainly were not, unless the provisions of the policy which have been referred to were superseded and wholly set aside by the words "for account of whom it may concern"; and, in our opinion, they were not. It is true that the written terms of the policy will control where they are in plain conflict with its printed clauses; but no part of the instrument is to be rejected if it can be maintained as a whole, and in the present instance the printed provisions in question and the written words "for account of whom it may concern" are not irreconcilably repugnant. That the policy was issued for account of whom it might concern is undeniable, but whom could it concern? Possibly, the then existing or future creditors of the boat, or, perhaps, the constituents of Peter Hagan & Co.; but, no matter for whose account the insurance may have been effected, it cannot be supposed that it was taken for the benefit of any one who, by the express, though printed, terms of the contract, was distinctly excluded from having or acquiring any interest under it. It is not necessary to our conclusion that we should question the rule of law which was applied by the court below, and we do not do so. It is not doubted that a policy in the name of a special party, on account of whom it may concern, will cover the interest of the person for whom it was intended by the party who ordered it, although the particular person intended was not known; but we find nothing in this case to support a finding that Hagan intended to insure a subsequent vendee of the boat, or of an interest therein. On the contrary, we think, as we have already said, that the retention in the policy of the provision that it should be entirely void if any transfer in interest, title, or possession should be made, absolutely precludes the inference of an intent to make the policy applicable to any person claiming under or by virtue of such a transfer. Stipulations of this sort are of no little importance. It is manifest that insurers

regard them as quite material, and the courts, we think, should not hesitate to enforce them wherever it is reasonably possible to give them effect. Schroedel v. Insurance Co., 158 Pa. St. 459, 27 Atl. 1077; Oldham v. Insurance Co. (Iowa) 57 N. W. 861. The decree of the district court is reversed, and the case will be remanded to that court, with directions to enter a decree dismissing the libel, with costs.

---

### THE N. AND W. NO. 2.

#### (District Court, E. D. New York. June 2, 1900.)

1. TUG AND TOW—GROUNDING OF TOW—FAULT.

A tug with two heavily laden tows on a line, the whole extending 2,400 feet in length, was passing through a channel near the northern limit, which curved so as to require the tug to keep continually changing her course to the southward. There was sufficient room to pass through in safety, but the first tow, which was a schooner converted into a coal barge and in charge of a master, failed to follow closely the changing course of the tug, and got beyond the limits of the channel, grounding in the shallow water. *Held,* that the tug was in fault because of the failure of the master to keep watch to see that the tows were following so as to keep inside the channel, and that the master of the tow was also in fault for not using the helm, as he might have done, to keep her in the course of the tug, and within the line of buoys which marked the channel.

2. SAME—PROXIMATE CAUSE OF LOSS OF TOW.

The tug having afterwards made an attempt to rescue the tow, which was unsuccessful owing to a severe storm, because of which the failure could not be attributed to the fault of either vessel, the original grounding must be regarded as the proximate cause of the subsequent loss of the tow and cargo in such storm, and the damages divided accordingly.

In Admiralty. Suit against a tug to recover for the loss of her tow.

Robinson, Biddle & Ward, for libelant.

Butler, Notman, Joline & Mynderse, for claimant.

