Eli Elliott, Appellant, v. Farmers Insurance Company.

Fire Insurance: CONTRACT AGAINST TENANTS: *Forfeiture.* Under a fire policy covering a barn and providing that it shall become void if the premises become occupied by tenants it is immaterial that the barn was used by the tenant for the same purpose to which the owner devoted it.

CONSTRUCTION: *"Tenants and Tenant."* Occupation by one tenant is within a fire policy providing that it shall become void if the premises be occupied by "tenants."

WAIVER OF FORFEITURE: *Local agent.* A local agent of a fire insurance company has no power to waive a forfeiture of a policy.

.ACCRUED FORFEITURE: *Change of statutes.* A fire policy being already forfeited under a condition thereof by occupation by a tenant, the rights of the parties are not affected by the subsequent enactment of Code, section 1743, providing that a condition in a policy making it void before loss occurs shall not prevent recovery thereon, if it be shown that the failure to observe the condition did not contribute to the loss.

*Appeal from Muscatine District Court.*—HON. A. J. HOUSE, Judge.

TUESDAY, MAY 21, 1901.

ACTION upon a policy of fire insurance. There was a trial to court, a jury being waived. From a judgment against plaintiff for costs, he appeals.—*Affirmed.*

*E. C. Nichols, E. M. Warner,* and *E. F. Richman* for appellant.

*Deacon & Good* and *Titus & Jackson* for appellee.

WATERMAN, J.—The policy covered a barn in West Liberty, which the application states was occupied by plaintiff. One condition of the policy was as follows: "This policy shall become void in each of the following instances, unless noted in said application, or consented to by the secretary of the company in writing hereon, viz.: If the assured shall have, or shall hereafter make, any other insurance on the property hereby insured, or any part thereof; or if the assured shall remove from the premises herein described, or if the above-mentioned premises be occupied by tenants, or be used for any other purpose than is mentioned in the application; or the risk be increased by the erection or occupation of adjacent buildings (the erection of ordinary outbuildings not considered), or by any

means whatever; or if mechanics be employed on the premises, except to make ordinary alterations and repairs, and then not to exceed five days at any one time; or if the property be sold or transferred, or any change take place in the title or possession thereof (except in case of succession by reason of death of the assured), whether by legal process or judicial decree or voluntary transfer." At the time of the fire the premises were in the possession of a tenant, to whom they had been previously leased. Conditions of this kind against a change of possession or occupancy are uniformly enforced by the courts. *Jones v. Insurance Co.,* 97 Iowa, 275; *Oldham v. Insurance Co.,* 90 Iowa, 225; *Carey v. Insurance Co.,* 84 Wis. 80 (54 N. W. Rep. 18). Under these authorities,—and many more to the same effect might be cited,—the policy became void immediately upon the change of possession.

Evidence was introduced by plaintiff to show the barn was used by the tenant for the same purpose to which plaintiff devoted it, and the argument is made that the risk of fire under the tenant was no greater than while plaintiff held possession. But the condition against change of possession is not made dependent on the fact of increase of risk. The parties had a right to make this stipulation regardless of the effect of a change of possession. As was said in *Meadows v. Insurance Co.,* 62 Iowa, 387: "We cannot make a new contract for them, nor refuse to enforce the contract they made for themselves." We do not, however, wish to be understood as saying that this condition in the policy is not supported by any other than arbitrary considerations. The moral hazard is a substantial ingredient of every insurance risk. Defendant knew what this was, with plaintiff as the occupant of the premises. It might with good reason decline to assume such hazard with unknown persons.

It is argued on appellant's behalf that the condition under consideration was against occupancy by tenants, while in this case there was but one tenant. The language of the provision is to be given a reasonable interpretation, and that would make the greater include the less. By way of illustration, we cite *Sexton v. Insurance Co.,* 69 Iowa, 99.

II. It is urged that the forfeiture, if any, was waived by defendant because its local agent at West Liberty knew of the change of possession. It is not shown, however, that he knew this was done without permission of the company, or that plaintiff claimed his policy to be in force notwithstanding. Aside from such considerations as these, a local agent has no power to waive a forfeiture. *Garretson v. Insurance Co.,* 81 Iowa, 727. We may say here, quoting from the opinion in that case: "The evidence does not show, nor tend to show, that the agent had authority to waive any conditions of the policy, or any authority other than to take applications for and solicit insurance, deliver policies, and collect premiums."

III. Finally, it is insisted that section 1743 of the Code saves plaintiff's rights. The material portions of that section are as follows: "Any condition or stipulation in the application, policy or contract of insurance making the policy void before the loss occurs, shall not prevent a recovery thereon by the assured, if it shall be shown by the plaintiff that the failure to observe such provision or the violation thereof did not contribute to the loss; provided, however, that any condition or stipulation referring * * * to a change in the occupancy or use of the property insured, if such change or use makes the risk more hazardous, * * * shall not be changed or affected by this provision." We need not attempt to give a construction to this provision. It is enough to say that it did not go into effect until long after plaintiff had put a tenant into posses-

sion of the insured premises. By that act the rights of the parties were fixed, and, being fixed, on elementary principles they could not be affected by subsequent legislation.—AFFIRMED.