MERINO, PLAINTIFF AND APPELLANT, *v.* GLOBE & RUTGERS FIRE INSURANCE COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an Action to Recover on an Insurance Policy.

No. 3171.—Decided June 18, 1924.

INSURANCE—TRANSFER OF POLICY—DISCRETION OF COURT—EXCUSABLE NEGLECT—JUDGMENT.—More than five months after judgment had been rendered in an action to recover on a marine insurance policy based on the fact that contrary to the terms of the policy it and the insured vessel were transferred without the consent of the company, the plaintiff moved the court to set aside the judgment because by mistake the attorney who brought the action omitted to allege and failed to prove that the policy contained a written clause allowing the transfer. *Held:* That the court below had authority under section 140 of the Code of Civil Procedure to set aside its judgment and hear the parties in order to decide whether the plaintiff had made out a case of excusable neglect.

The facts are stated in the opinion.

*Messrs. Antonsanti & La Costa* for the appellant.

*Messrs. J. Sifre, Jr.,* and *J. H. Franceschi* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an action on a marine insurance policy. One of the clauses of that policy provided the insurance should be void if the policy should be transferred to another without the consent of the company. The policy was transferred without such consent and the court below rendered judgment in favor of the defendant company.

Some five and one-half months after the judgment another attorney filed a motion praying the court to set aside

the judgment and grant a new trial by virtue of the provisions of section 140 of the Code of Civil Procedure.

In the said motion the complainant set forth that the policy contained a clause in writing which said "for account of whom it may concern" and that these words had been interpreted to give the insured the right to transfer without the consent of the company, and this is apparently the law. *Hagan et al.* v. *Scottish Union and National Ins. Co.*, 98 Fed. 129. Same case in 186 U.S. 423.

The motion to open up the judgment was not sworn to and there is nothing in the motion to show when the complainant or his counsel first discovered the alleged proper interpretation of the said written clause of the policy. Counsel does allege that the record of the case shows that neither the particular words nor their interpretation was drawn to the attention of the court during the original trial of the case.

The court below, on the presentation of the motion to vacate the judgment, drew attention to the fact that the motion was not sworn to, but the court held that the time for appealing or for the presentation of a new trial had elapsed and hence the court refused to grant a new trial.

The court was in error in thinking that it had no discretion to set aside the judgment. Section 140 by its terms gives six months to ask to open up a judgment on the ground of excusable neglect and the like.

The appellant made a number of citations to show the extent of the power of the trial court and we have found one that closely resembles the case at bar. *McCredy* v. *Woodcock*, 41 App. Div. N.Y. 526. It was an action on an insurance policy and plaintiff recovered less than the amount to which he was entitled and the mistake was only discovered after the trial of another action. The court said: "No real prejudice arises to the underwriters. Thus far they are only relieved by a technical error in a pleading, and

their exemption from liability upon the policy arose through a mistake of the pleader and is in no way related to the merits of a controversy. It is undoubtedly an extreme case, and no general rule can be laid down for granting or denying motions of this character. Each case must be governed by its own circumstances. Here, in granting the relief asked for by the motion, the parties may be remitted to their original position without injustice to either, but it must be upon appropriate terms.'' The vacation of the judgment was granted on terms whereby complainant paid the costs.

The appellee draws attention to the lack of an affidavit of merits, but complainant had already sworn to his complaint which prima facie at least revealed a good cause of action.

Because of the error of the court in believing itself without authority to entertain the motion the order appealed from must be reversed and the case sent back for further proceedings not inconsistent with this opinion. When the case goes back the court may consider the merits of the motion and hear both parties on affidavits or otherwise to ascertain whether the complainant made out a case of excusable neglect and whether the complainant moved promptly to vacate after discovering the error. In this connection the following citation is germane:

"*Right to relief:* . . . . Further, to entitle himself to this relief, the moving party must show a sufficient reason why he did not assert and enforce his rights at the proper time and in the regular manner, . . . and he must free himself from all imputation of negligence or laches, for the judgment will not be disturbed if it appears to have been entered as a result of his own heedlessness, sloth, or lack of diligence in protecting his own interests.'' 23 Cyc. 894.

We are of the opinion also that in the discretion of the court the judgment of March 23, 1923, in so far as it imposed costs and counsel fees on the complainant, might stand

if they have been recovered, but if not the matter should be left for the final disposition of the case.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.